526 A.2d 440

**COMMONWEALTH of Pennsylvania**

v.

**James Earl DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1987.

Filed May 27, 1987.

470

John H. Corbett, Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from an order which denied Appellant's Post-Conviction Hearing Act Petition. Appellant filed the petition following his conviction for numerous counts of Burglary, Theft, Receiving Stolen Property, Attempt and Conspiracy. A Judgment of Sentence totaling 20½ to 205 years was imposed on these charges after the court received Appellant's guilty plea. When Appellant later filed a motion to reconsider sentence, the court granted the motion and reduced Appellant's sentence to a total of 10½ to 102½

years based upon Appellant's cooperation with the Commonwealth in other cases.

The Petition filed by Appellant alleged that he was entitled to relief for the following reasons:

1. The introduction of a coerced confession into evidence;

2. The introduction into evidence of a statement obtained in the absence of a lawyer at a time when representation is constitutionally required;

3. The infringement of my privilege against self-incrimination under either federal or state law;

4. The denial of my constitutional right to representation by a competent lawyer;

5. A plea of guilty unlawfully induced;

6. The abridgement of a right guaranteed by the constitution or laws of this state or the constitution or laws of the United States, including a right that was not recognized as existing at the time of trial if the constitution requires retroactive application of that right.

Counsel was appointed on Appellant's behalf, however counsel never amended the petition and never filed a Brief. Counsel did appear before the court to make an argument on the motion.

Appellant maintains that counsel although appointed did not "meaningfully participate" in the case, and therefore, he was in effect "uncounseled" and entitled to have the court's order reversed and new counsel appointed. We agree. The Supreme Court in *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975) considered a case where an appellant filed a PCHA petition and had counsel appointed. No attempt was made to file an amended petition, no oral argument was held and no Brief was filed on appellant's behalf. The court ruled that under these circumstances the proceeding was in fact uncounseled. Since mandatory ap-

pointment is a salutary requirement, *Id.*, 462 Pa. at 412, 341 A.2d 448, the court vacated the PCHA court's order and remanded the case to appoint counsel to represent the appellant in the filing of an amended petition and further proceedings held thereon. Citing *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148 (1967) the Court also remarked:

> Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are function of an advocate that are inappropriate for a judge or his staff.

*Commonwealth v. Fiero, supra,* 462 Pa. at 412–413, 341 A.2d 448.

The holdings of *Commonwealth v. Mitchell* and *Commonwealth v. Fiero,* have been cited repeatedly by the courts of this Commonwealth. (*See: Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976), where counsel was appointed but failed to file an amendment to appellant's inarticulately drawn petition; *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980), where counsel did not attempt to amend appellant's pro se petition or prepare argument thereon; and *Commonweealth v. Ollie,* 304 Pa. Super. 505, 450 A.2d 1026 (1982), where counsel failed to amend an inartfully drawn petition containing claims which were not "patently frivolous".) More recently in *Commonwealth v. Turner,* 353 Pa.Super. 173, 177, 509 A.2d 391 (1986), this court quoted language from earlier cases which noted:

> The mandatory appointment of counsel requirement of the Post Conviction Hearing Act is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

*Commonwealth v. Ollie, supra,* 304 Pa.Super. at 508, 450 A.2d at 1028, *Commonwealth v. Carrier,* 494 Pa. 305,

308–310, 431 A.2d 271, 273 (1981). The court in *Commonwealth v. Turner*, went on to remark that:

> should such representation fail in its objective due to the cognizable ineffectiveness of counsel, the petitioner is entitled to a reversal of the PCHA court's adverse decision, as well as the appointment of new counsel regardless of the merit of any issues previously asserted[.]

*Commonwealth v. Turner, supra,* 353 Pa.Super. at 177, 509 A.2d 391.

In the instant case, Appellant presented the court with a petition which contained, even by his counsel's observations, "a very general statement and not specific". This petition was not amended by counsel, despite counsel's awareness of its shortcomings, and the issues set forth in the petition were not developed by counsel in a Brief. Counsel was present at argument on the petition, however, our examination of the transcript in the matter, leads us to conclude that counsel failed to fulfill the duties required by his representation. Counsel stated to the court that the relief Appellant sought was withdrawal of his guilty plea. Appellant's PCHA counsel, Mr. Conflenti, remarked:

> What he is alleging here is that a motion was filed after he pled to withdraw his guilty plea because he wasn't given a proper deal. He says that motion was then pulled out, that the motion was filed and that motion—the motion to withdraw was withdrawn and that's what he says his counsel was ineffective in.

Counsel then went on to reveal his unfamiliarity with the case.

THE COURT: Withdrawn when, after he was sentenced or before he was sentenced?

MR. CONFLENTI: When was the motion withdrawn?

JAMES DAVIS: After sentencing.

MR. CONFLENTI: After he was sentenced.

MR. WOLTSSHOCK: Your Honor, if I may clarify the point. He filed a motion to reconsider sentence as well as

a motion to withdraw the plea contemporaneously after his original—

THE COURT: After?

MR. WOLTSHOCK: After he was sentenced. In both of those motions—in the motion to reconsider sentence he raised the allegation that he had assisted the police in this investigation and, therefore, because of his assistance he requested that this Court reduce sentence. The Court, in fact, on the basis of that petition reduced the sentence in half. On the very same day—

THE COURT: I did it already?

MR. WOLTSHOCK: Yes. On the very same day he withdrew his motion to withdraw. His signature is on that withdrawal.

And as the Court has already explained, his plea would have failed anyway because in his plea he said that no promises have been made to induce his plea.

MR. CONFLENTI: *Was that petition for reduction also filed by Mr. Baginski?* (Appellant's trial counsel).

MR. WOLTSHOCK: He filed both.

MR. CONFLENTI: *So his time was then cut in half.*

THE COURT: Seems to me you are pretty lucky, sir. Petition is denied.

We do not view counsel's actions as "meaningful participation" in this case. Counsel by his comments demonstrated that he was unprepared for meaningful argument on his client's behalf. Further, Counsel failed to even mention other possible claims which could have been made and which were preserved by means of Appellant's pro se petition.

Accordingly, we conclude Appellant was denied meaningful and effective assistance of counsel. We reverse the order of the PCHA court and remand the case for appointment of counsel to represent Appellant in the filing of an amended PCHA petition and any further proceedings thereon.