536 A.2d 439

**COMMONWEALTH of Pennsylvania**

v.

**Edward Thomas LOGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1987.

Filed Jan. 22, 1988.

John R. Kalenish, Johnstown, for appellant.

Timothy P. Creany, District Attorney, Ebensburg, for Com.

Before DEL SOLE, CERCONE and HESTER, JJ.

CERCONE, Judge:

This is an appeal from an order of the trial court dismissing appellant's petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. § 9541 *et seq.* For the reasons set forth herein, we reverse.

Appellant and another person were arrested and charged with murder on December 6, 1971. On October 2, 1972, appellant was found guilty by a jury of murder in the first degree and was subsequently sentenced to life imprisonment. Appellant filed a *pro se* PCHA petition on September 5, 1986 in which he alleged ineffectiveness of trial counsel. Appellant also filed a petition for the appointment 'of counsel to represent him at a PCHA hearing and for leave to proceed *in forma pauperis.* Both petitions were summarily denied by the trial court pursuant to the order in question. This appeal followed.

■ Pennsylvania Rule of Criminal Procedure 1503 provides that "when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him...." Pa.R.Crim.P., Rule 1503(a), 42 Pa.C.S.A. *See also Pennsylvania v. Finley,* —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (finding that Pennsylvania has chosen to offer assistance of counsel to those seeking PCHA relief). A subsequent PCHA petition may be summarily dismissed only "when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner *and he was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon."* Pa.R.Crim.P., Rule 1504, 42 Pa.C.S.A. Thus, an indigent petitioner is

350

entitled to the assistance of counsel in filing his or her initial PCHA petition.

Instantly, appellant satisfactorily averred that he was indigent and requested the appointment of counsel for assistance in preparing his first PCHA petition. The trial court summarily dismissed his petitions, concluding that his claims were "patently frivolous and without a trace of support in the record." This was error. *Commonwealth v. McClinton*, 488 Pa. 598, 413 A.2d 386 (1980); *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976). The point in time at which a trial court may determine that a PCHA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full, fair and counseled opportunity to present those claims. *See Commonwealth v. Sawyer*, 355 Pa.Super. 115, 512 A.2d 1238 (1986). Hence, we reverse the order of the trial court and remand for proceedings consistent with this decision. Jurisdiction is relinquished.