553 A.2d 428

**COMMONWEALTH of Pennsylvania**

v.

**Donald HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1987.

Filed Jan. 20, 1989.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, KELLY and WATKINS, JJ.

KELLY, Judge:

Counsel appointed to represent appellant, Donald Harris, on appeal from an order denying appellant's petition for post-conviction relief, has filed what purports to be an

*Anders* brief and seeks permission to withdraw as counsel. Though we find counsel's purported *Anders* brief deficient in several respects, we nonetheless grant withdrawal and affirm the order denying post-conviction relief. We do so based on our conclusions that administrative rather than substantive interests were prejudiced by the deficiencies in the *Anders* brief submitted, and that further delay of the disposition of this frivolous appeal would not be appropriate.

## FACTS AND PROCEDURAL HISTORY

On November 21, 1984, following an impeccable guilty plea colloquy, appellant entered an open guilty plea to rape, indecent assault, aggravated assault, simple assault and unlawful restraint charges. The factual basis for the plea was that on September 10, 1984, appellant had raped and beaten the female victim in an alley near 38th Street and Haverford Avenue in Philadelphia. A male friend of the victim happened upon the scene and intervened. Appellant attempted to flee but was apprehended by the victim and her friend and held until police arrived. Appellant acknowledged his intent to enter his plea based upon the prosecution's summary of the evidence, and then the court announced its acceptance of the plea. Appellant was informed by the trial court that he had ten days to seek withdrawal of his guilty plea. (N.T. 11/21/84 at 2–13). On January 31, 1985, appellant was sentenced to two concurrent terms of five to ten years imprisonment on the rape and aggravated assault convictions; sentence on the remaining convictions was suspended. Appellant was informed by the trial court that he had ten days in which to file a motion to modify sentence and thirty days in which to file notice of appeal. (N.T. 1/31/85 at 2–5).

On April 9, 1985, appellant filed an untimely *pro se* motion to withdraw his guilty plea. Appellant alleged that he was innocent and that court-appointed counsel had scared him into pleading guilty. The motion was denied April 11, 1985.

On May 21, 1985, appellant filed a *pro se* motion seeking a copy of the transcripts of the prior proceedings. On July 10, 1985, appellant filed a *pro se* petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. § 9541 *et seq.* Appellant alleged that prior counsel had indicated that if appellant pled guilty, counsel could get appellant a maximum sentence of three years, but if appellant refused to plead guilty, counsel would see to it that appellant received the maximum sentence possible. (PCHA Petition 7/10/85 at 3). On September 11, 1985, however, appellant filed a *pro se* petition to withdraw his PCHA petition. No reason was given for the withdrawal request.

On September 24, 1985, appellant filed a second *pro se* PCHA petition. Appellant again sought relief based upon a somewhat embellished allegation which follows *verbatim:*

> I am only (19) yrs. old, at the time of enterting the guilty plea, my Attorney, ..., only told me that if I went to trial, upon conviction the State would impose a sent. of (20) yrs. upon me; but if I pleaded guilty, he would get me two to three yrs. He didn't inform me that by pleaing guilty, I would waive my Const. righ right, to trial by jury, or the Judge if I chosed. I was'nt aware that any waiver of Const. rights, must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder; possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. In the absent of the following my gulity is invaild, and Counsel, was ineffective, for directing me to plea upon fale false promies. which I did'nt receive.

(PCHA Petition 9/24/85 at 3). The petition was accompanied by a three page typewritten *pro se* memorandum of law in support of the petition. Appellant indicated that he was without financial resources and requested that the trial court appoint counsel to assist him. (PCHA Petition 9/24/85 at 5–6).

From here the record contains gaps, ambiguities, and apparent contradictions. The portion of the PCHA petition relating to authorization for appointment of counsel is unexecuted and no order appointing counsel is entered on the docket certified to this Court. Nonetheless, beginning January 14, 1986, the trial court's status listings indicate that counsel had been appointed to represent appellant. The status listing for September 18, 1986, indicates that PCHA counsel had received the transcripts of the prior proceedings. On November 13, 1986, the status listing notes, "Possible Finley."[1] On December 1, 1986, the status listing notes, " 'Finley' disp. Atty. to supplement letter." On December 5, 1986, the final status listing states, " 'Finley' Dispo. PCHA Petition is hereby denied." No "Finley" letter or supplement appears in the record certified to this Court. There is no indication in the record that PCHA counsel ever spoke with appellant concerning the petition.

On December 5, 1986, an order was entered denying appellant's unamended *pro se* PCHA petition. On December 16, 1986, PCHA counsel filed notice of appeal to this Court on behalf of appellant. On December 15, 1986, PCHA counsel filed a "Verified Statement" that on July 26, 1985[2] he had been appointed to represent appellant and that appellant's *pauper* status had not substantially changed since that date. On January 7, 1986, PCHA counsel was permitted to withdraw as counsel for appellant.

On January 13, 1987, new counsel was appointed to represent appellant in his appeal to this Court. He has filed what purports to be an *"Anders* Brief" and seeks permission to withdraw as counsel. Counsel's Statement of the Case is as follows:

The appellant was arrested and charged in Bills of Information nos. 2252–2255 September Term, 1984 with rape,

1. A reference to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

2. We note, however, that on July 26, 1985, appellant's *pro se* motion to withdraw his first *pro se* PCHA petition was pending and appellant's second *pro se* PCHA petition and *pro se* memorandum of law had not yet been filed.

aggravated assault and related offenses. On November 21, 1984, the appellant entered a guilty plea to all charges before the Honorable Thomas Shiomos. On January 31, 1985, the appellant was sentenced to concurrent five to ten year terms for rape (Bill no. 2254) and aggravated assault (Bill no. 2252).

Following sentencing, the appellant did not file a motion to withdraw his guilty plea, a motion to modify sentence or an appeal to this Court. The appellant filed a petition under the Post Conviction Hearing Act contending that his guilty plea was involuntary. The lower court appointed counsel to represent the appellant.

By Order dated December 5, 1986, the lower court denied the appellant relief under the Post Conviction Hearing Act. Prior counsel was permitted to withdraw following the filing of a notice of appeal to this Court. Present counsel was then appointed for purposes of this appeal.

(*Anders* Brief at 4). The Summary of Argument is, "[a]fter a complete and careful review of the entire record in this matter it is clear that there are no meritorious issues presented and that this appeal is wholly frivolous." The Argument section states:

Appellate counsel has made a complete and careful review of the record in this matter concerning the appellant's entry of a guilty plea to rape, aggravated assault and related offenses. During this review, appellate counsel was mindful of the following issues which might arguably support this appeal:

1. the legality of the sentence.
2. the excessiveness of the sentence.
3. the voluntariness of the guilty plea.
4. the elements of the guilty plea colloquy.
5. the availability of legal defenses to the defendant.

After a review of the record in this matter and the applicable law, appellate counsel can only conclude that no issue of arguable merit exists and that this appeal is wholly frivolous. *see Anders v. California,* 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967).

Appellate counsel continues to recognize appellant's right to counsel as advocate. Appellate counsel further realizes that he is required, as a result of his conclusions, to seek permission to withdraw as counsel for appellant. In accordance with the mandate of *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), appellate counsel now informs appellant of the following:

 a. that appellate counsel will be filing a Petition with this Court seeking permission to withdraw;

 b. that a copy of this Brief will be forwarded to him at his last known address; and

 c. that he has the right to retain new counsel or raise any points he may deem worthy of consideration.

(*Anders* Brief at 6–7). Appellate counsel then concludes, "[f]or the foregoing reasons, it is respectfully requested that this Honorable Court, prior to reaching a decision, make an independent review of the record in this matter." (*Anders* Brief at 8).

Appellate counsel has filed what purports to be an *Anders* brief requesting allowance to withdraw as counsel. The *Anders* brief fails, however, to meet the minimum requisites of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) for "No Merit Letters" in PCHA proceedings as set forth by this Court in *Commonwealth v. Finley*, 379 Pa.Super. 390, 393–394, 550 A.2d 213, 215 (1988). Specifically, the purported *Anders* brief fails to adequately detail counsel's review of the record and fails entirely to list the issues which appellant wished to be reviewed, *i.e.* that his plea was involuntary *as the result of threats alleged to have been made by court-appointed counsel.*

In *Commonwealth v. Turner, supra,* our Supreme Court specifically noted that counsel in *Finley,* "had presented a 'no-merit' letter *detailing the nature and extent of his review and listing each issue the petitioner wished to have raised....*" 518 Pa. at 494, 544 A.2d at 928. The Court then proceeded to find the procedures followed in *Finley* sufficient, implicitly finding that counsel in *Turner* followed those procedures. In the subsequent opinion of

this Court in *Finley,* the majority held that counsel requesting to withdraw in collateral appeal proceedings must, among other things, present "a 'no-merit' letter by PCHA counsel *detailing the nature and extent of his review"* and listing *"each issue the petitioner wished to have raised...."* 379 Pa.Superior Ct. at 393, 550 A.2d at 215. Thus, it is apparent that counsel's purported *Anders* brief does not meet even the relaxed *Turner/Finley* standard for withdrawal of counsel in collateral appeals. For the reasons which follow, however, we find that denial of the motion to withdraw would serve no valid interest at this stage in the proceedings.

## FUNCTIONS OF PCHA COUNSEL

Pennsylvania's PCHA petition is a hybrid statutory creation modified by the effects of state procedural rules promulgated by our Supreme Court. *See* 42 Pa.C.S.A. §§ 9541 *et seq.;* Pa.R.Crim.P. 1501–1507. It provides a single vehicle and a uniform procedure whereby all collateral common law remedies, including *habeas corpus* and *corum nobis,* may be sought. *See* Pa.C.S.A. § 9542; *see also Commonwealth v. Sheehan,* 446 Pa. 35, 285 A.2d 465 (1971). By consolidating and simplifying procedures for collateral review, such relief has become more readily accessible; however, ready access carries the price of inevitable abuse.[3] For that reason, Pennsylvania has developed a unique set of procedures which are designed to ensure a full and fair hearing of collateral challenges to convictions

3. *See Commonwealth v. Bonaparte,* 366 Pa.Super. 182, 191, 530 A.2d 1351, 1355 (1987) (noting the ingenuity of prisoners in litigating and relitigating issues already decided through creative use and manipulation of post-conviction relief procedures); Avichi, *Collateral Attacks on Conviction: The Probability and Intensity of Filing,* 1977 Am.B. Found.R.J. 319, 347–48 (1977) (reporting that the majority of post-conviction relief petitions studied involved recurrent petitions by a small percentage of long term inmates raising issues previously litigated). Justice Robert Jackson's observation that, "[h]abeas corpus, like the currency, can be debased by over issue, quite as certainly as by too [sparing a] use," is no less applicable to PCHA petitions. *See United States ex rel. Accardi v. Shaughnessey,* 347 U.S. 260, 270, 74 S.Ct. 499, 505, 98 L.Ed. 681, 688 (1954).

while at the same time providing protection against abuse of the procedures by piece-meal or repetitive PCHA petitions.[4] The lynchpin in these dual purpose procedures is petitioner's counsel.

■ Under Pennsylvania law a PCHA petitioner has the right to the assistance of court appointed counsel if petitioner is indigent, unless "a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented in proceedings thereon." *See* Pa.R.Crim.P. 1503(a); Pa.R.Crim.P. 1504; *see also Commonwealth v. Finley*, 497 Pa. 332, 334 n. 1, 440 A.2d 1183, 1184 n. 1 (1981); *Commonwealth v. Logan*, 370 Pa.Super. 348, 349, 536 A.2d 439, 439 (1988); *Commonwealth v. Keeney*, 367 Pa.Super. 16, 18–21, 532 A.2d 33, 34–35 (1987); *Commonwealth v. Sawyer*, 355 Pa.Super. 115, 120–21, 512 A.2d 1238, 1240–41 (1986).

■ Formal appointment of counsel alone, however, is not sufficient to render PCHA proceedings "counselled" so as to permit summary disposition of any subsequent PCHA petition asserting the same claim. This Court has stated on numerous occasions that:

> The mandatory appointment of counsel requirement of the Post Conviction Hearing Act is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

*Commonwealth v. Davis*, 363 Pa.Super. 469, 472, 526 A.2d 440, 441 (1987). "The point in time at which a trial court

---

4. Our Supreme Court has recently taken steps to check abuse of these procedures *via* serial ineffectiveness claims. *See Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988); *see also Commonwealth v. Miller*, 375 Pa.Super. 437, 439–445, 544 A.2d 1000, 1001–1003 (1988). This appeal, however, represents appellant's first review by this Court. No direct appeal was taken, and his first *pro se* petition was withdrawn before it was ruled upon in the trial court. Thus, while we find this appeal to have been frivolous, it does not involve the type of abuse of PCHA proceedings discussed in *Lawson* and *Bonaparte*.

may determine that a PCHA petitioner's claims are frivolous or meritless is *after* the petitioner has been afforded a full, fair, and counselled opportunity to present those claims." *Commonwealth v. Logan, supra,* 536 A.2d at 440; *citing Commonwealth v. Sawyer, supra.* (Emphasis added).

Appointment of counsel serves administrative as well as substantive interests. In *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A.2d 148 (1967), our Supreme Court explained:

> We pause to note that *the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims.* Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post–Conviction Remedies § 4.4, at 66 (1967) [approved draft 1968]: *'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se....* Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.'

235 A.2d at 149 (citations omitted, emphasis added); *see also Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980); *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975). In *Commonwealth v. Finley, supra,* our Supreme Court stated succinctly, "[c]ounsel for a PCHA petitioner can more ably explore legal grounds for complaint, investigate underlying facts, articulate claims for relief, and *promote efficient administration of justice.*" 440 A.2d at 1184 (emphasis added); *see also Commonwealth v. Holland,* 496 Pa. 514, 437 A.2d 1159 (1981).

The importance of court-appointed counsel's role in facilitating the efficient administration of justice cannot be overstated. Left to their own vices, or the dubious assistance of "jail-house lawyers," under-educated prison inmates often file petitions more marked by voluminousness, creativity, and irrelevancy than by lucidity. *See e.g. Commonwealth v. Gaito,* 277 Pa.Super. 404, 408–09, 419 A.2d 1208, 1211 (1980). Vast judicial resources are then squandered in efforts to decipher and dispose of such submissions.

Court-appointed counsel, on the other hand, may assist the efficient administration of justice by assisting the petitioner to separate the grain from the chaff, *i.e.* by dissuading the petitioner from filing frivolous claims and by helping petitioner identify, prepare, and present any arguable claims. Counsel can ensure that all arguable claims are presented in a single petition, and also ensure that the petition is presented in an orderly professional manner conducive to meaningful appellate review. In this way, a full and fair hearing is guaranteed to petitioner's claims, while at the same time limited judicial resources are conserved. *Cf.* Yackle, *Postconviction Remedies* § 137 at 517–18 (1981) (discussing the need for counsel in federal *habeas corpus* proceedings).

## WITHDRAWAL OF PCHA COUNSEL

Here, counsel has submitted a purported *Anders* brief which is so parsimonious with details that this Court was left without any real guidance as to the facts of the case, the relevant procedural history, or the issues which appellant sought to have reviewed. The purported *Anders* brief plainly fails to meet even the relaxed *Turner/Finley* "no merit letter" requirements in this respect. Because of the generic, telegraphic nature of the *"Anders* Brief" submitted, we were obliged to expend a considerable portion of our limited judicial resources duplicating the *undocumented* review of counsel. *See Commonwealth v. Turner, supra,* 544 A.2d at 928; *Commonwealth v. Finley, supra,* 550 A.2d at 215; *cf. Penson v. Ohio,* —— U.S. ——,

109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. ——, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).[5] However, though the *Anders* brief submitted complies with neither the standards previously set forth in *Commonwealth v. Green,* 355 Pa.Super. 451, 513 A.2d 1008 (1986), nor those subsequently announced in *Turner* and *Finley,* we see no valid substantive or administrative justification to further delay disposition of this frivolous appeal.

■ The only issue upon which appellant has sought review, *via* his prior *pro se* submissions, is whether alleged coercion by his court-appointed attorney rendered his guilty plea involuntary. Review of the comprehensive plea colloquy reveals that appellant's current allegation of coercion is contradicted by appellant's own sworn statement at the time the plea was entered that his plea was not induced by any coercion. (N.T. 11/21/84 at 6). It has been uniformly held that such claims will not be entertained, as an appellant will not be permitted to contradict his own prior sworn statements at a guilty plea hearing. *See e.g. Commonwealth v. Carrillo,* 319 Pa.Super. 115, 124–25, 465 A.2d 1256, 1261 (1983).

Given the settled ruling in *Carrillo,* we have no reluctance to affirm the order denying post-conviction relief on substantive grounds. Our careful and time-consuming review of the record reveals that the evidence against appellant was irrefutable, the guilty plea colloquy was impeccable, and the sentence of imprisonment imposed was mani-

---

**5.** In *Penson* and *McCoy,* the United States Supreme Court emphasized the dual function of the *Anders* brief, *i.e.* to document the nature and extent of counsel's review of the record and to assist the Court in determining whether the issues sought to be raised are truly frivolous. Though the *Turner/Finley* "no-merit letter" requirements are clearly intended to be less arduous and formalistic than the *Anders/McClendon* "*Anders* brief" requirements, the *Turner/Finley* "no-merit letter" is nonetheless intended to serve the same basic purpose as the *Anders* brief, and the *Turner/Finley* "no-merit letter" requirements must be construed accordingly.

festly appropriate. Trial counsel, the trial court, PCHA counsel, the PCHA court, and appellate counsel all reached the same conclusion.[6] Thus, no *substantive* interest was jeopardized by counsel's non-compliance with the documentation dictates of *Turner* and *Finley.*

Though *administrative* interests were clearly prejudiced by counsel's non-compliance with the minimum documentation requisites of *Turner* and *Finley,* we find no reason to delay disposition of this frivolous appeal on that basis. The judicial resources needlessly expended as the result of appellate counsel's failure to document his review of the record will not be recouped by prolonging the odyssey of this case through the courts of this Commonwealth. Remand for a new No Merit Letter would elevate form over both substantive and administrative interests and in accordance with the general policy propounded by our Supreme Court in Pa.R.A.P. 105 and Pa.R.Crim.P. 2 & 150—we decline to do so.[7]

**6.** Under prior decisions of our Supreme Court a PCHA petitioner was deemed to have a constitutional right to the assistance of counsel on appeal from an order denying post-conviction relief. *See e.g. Commonwealth v. Thompson,* 431 Pa. 161, 245 A.2d 268 (1968); *Commonwealth v. Hoffman,* 431 Pa. 160, 245 A.2d 256 (1968). The recent decisions in *Pennsylvania v. Finley, supra,* and *Commonwealth v. Turner, supra,* would seem, however, to have severely undermined the premises upon which the prior cases were based. Indeed, it seems incongruous to permit court-appointed counsel to withdraw as counsel based upon a determination by counsel and the trial court that the petition is frivolous, and then to require the trial court to appoint new counsel at taxpayers' expense to pursue a frivolous appeal to this Court. Nonetheless, as our Supreme Court has neither overruled the prior cases nor amended Pa.R.Crim.P. 1503(b), we must assume such appointments are still required.

**7.** Our disposition of this appeal is not intended to encourage other counsel to submit similarly generic, telegraphic *Anders* Briefs or "No Merit Letters." To the contrary, counsel have an obligation to both their clients and to the court to provide an adequate statement of the facts, procedural history, and the issues appellant sought to have reviewed in any *Anders* brief or No Merit Letter submitted. In doing so, counsel ensures meaningful independent review by the trial and/or appellate court, and facilitates the efficient administration of justice. Moreover, by helping to expedite disposition of frivolous appeals, counsel ensures more prompt review and disposition of those appeals which present arguable merit.

## CONCLUSION

The motion to withdraw is granted; the order denying post-conviction relief is affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I concur with the decision of my distinguished colleague, Judge Kelly, to affirm the Order of the PCHA court denying appellant relief under the Act. I also would grant counsel for appellant's Motion to withdraw because of the frivolity of the instant appeal.

However, I write separately to express my disagreement with Judge Kelly's conclusion that appellant's *"Anders* brief" does not comply with the standards set forth by our Supreme Court in *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and adopted as controlling by this Court in *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). Judge Kelly asserts, specifically, that "the purported *Anders* brief fails to adequately detail counsel's review of the record and fails entirely to list the issues which appellant wished to be reviewed, *i.e.*[,] that his [appellant's] plea was involuntary *as the result of threats alleged to have been made by court-appointed counsel."* Majority Opinion 8; emphasis in text. In other words, Judge Kelly finds technical fault in the lack of substance in the wording of issue number three as set forth by counsel in the *"Anders* Brief," which reads as follows:

3. the voluntariness of the guilty plea.

The *Turner* "no merit" letter is not to be construed as the functional equivalent of an *"Anders* Brief." So, while counsel's statement of the issues which could arguably support appellant's appeal might not survive the *Anders* test, it does, nevertheless, and in my view, fully comply with *Turner.* In collateral proceedings where counsel seeks to withdraw, *Anders* is no longer the law to be followed in Pennsylvania.

Inasmuch as the United States Supreme Court decided in *Pennsylvania v. Finley,* [481] U.S. [551] 107 S.Ct. 1990 [95 L.Ed.2d 539] [1988] that the federal constitutional considerations underlying the tortuous procedures of *Anders* do not apply under the PCHA, we deem these less rigid requirements for withdrawal of counsel to satisfy Pennsylvania law in collateral attacks on criminal convictions.

*Turner,* 518 Pa. at 495, 544 A.2d at 929.

Thus, any withdrawal of counsel matters in collateral proceedings must now be judged in terms of what is required under *Turner* and *Finley* without any further reference to *Anders.*[1]

Nonetheless, the majority seeks to fault counsel for failing "to adequately detail counsel's review of the record" in addition to failing "entirely to list the issues which appellant wished to be reviewed" as discussed, *supra.* Majority Op., 212. Additionally, the majority notes the absence of a "no merit" letter *"detailing the nature and extent of his review* and listing each issue the *petitioner wished to have raised...."* *Id., quoting Commonwealth v. Turner,* 518 Pa. at 494, 544 A.2d at 928; emphasis in text.

Instantly, the *"Anders* Brief" filed on behalf of appellant, by any other name, fully comports, in my view, with the current state of the law for the withdrawal of court-appointed PCHA counsel. More specifically, I would hold that the Brief filed on behalf of appellant, regardless of the label one chooses to affix to it, possesses all the criteria minimally necessary to meet "the relaxed *Turner/Finley* standard for withdrawal of counsel in collateral appeals." Majority Op. 213.

In light of the foregoing, I concur in the result.

1. Were this a direct appeal in which counsel has sought withdrawal, the submission of an *"Anders* Brief" would still remain the required procedure. *See Penson v. Ohio,* —— U.S. ——, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).