J-S66040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT KERNS, | : | |
| | : | |
| Appellant | : | No. 618 MDA 2014 |

Appeal from the PCRA Order entered on April 1, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0000371-2001

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 19, 2014**

Scott Kerns ("Kerns") appeals, *pro se*, from the Order dismissing his tenth Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. § 9541-9546.  We affirm.

In May 2001, Kerns pled guilty to one count of Involuntary Deviate Sexual Intercourse.[1]  After a Megan's Law hearing,[2] Kerns was found to be a sexually violent predator, and the trial court sentenced him to 7½ to 20 years in prison.  This Court affirmed Kerns's judgment of sentence.  **See Commonwealth v. Kerns**, 844 A.2d 1282 (Pa. Super. 2003) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. § 3123.

[2] 42 Pa.C.S.A. § 9795.4(e) at the time of sentencing.

Kerns filed his first PCRA Petition in February 2004. Kerns was appointed PCRA counsel, who filed a Petition to Withdraw as Counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). The PCRA court granted the Petition to Withdraw, and thereafter dismissed Kerns's Petition in May 2004. This Court affirmed the dismissal. ***See Commonwealth v. Kerns***, 875 A.2d 388 (Pa. Super. 2005) (unpublished memorandum).

Kerns filed eight additional PCRA Petitions between 2007 and 2013, each of which was dismissed as untimely. This Court affirmed each dismissal that Kerns chose to appeal.

In December 2013, Kerns, *pro se*, filed the instant PCRA Petition. The PCRA court dismissed the Petition on April 1, 2014. Kerns filed a timely Notice of Appeal and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

Under the PCRA, a petition must be filed within one year from the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or at the expiration of the period of time for seeking review. ***Id.*** § 9545(b)(3). An appellate court cannot reach the merits of an appeal if the PCRA petition is untimely. ***Commonwealth v. Fisher***, 870 A.2d 864, 869 n.10 (Pa. 2005).

Kerns's judgment of sentence became final in January 2004. Because Kerns did not file the instant PCRA Petition until December 2013, the Petition is facially untimely.

However, we may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010).

Kerns claims a newly-discovered facts exception under section 9545(b)(1)(ii), arguing that by failing to answer interrogatories in a related civil suit, his ex-wife admitted to conspiring with the police to bring criminal charges against him. Brief for Appellant at 7-8. Kerns asserts that he filed the instant PCRA well within 60 days of receiving judgment in the civil suit. *Id.* at 8.

Here, even if Kerns properly pled the newly-discovered facts exception, he has not demonstrated that this evidence would overcome his admissions at his guilty plea. ***See Commonwealth v. Harris***, 553 A.2d 428, 434 (Pa. Super. 1989) (stating that "an appellant will not be permitted to contradict his own prior sworn statements at a guilty plea hearing."). Thus, the PCRA court properly dismissed Kerns's tenth PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014