J-S59010-15
**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BROOKE STRASSER | |
| Appellant | No. 1687 WDA 2014 |

Appeal from the Order Entered September 12, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000807-2003
CP-25-CR-0002638-2001

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                              **FILED MAY 3, 2016**

Brooke Strasser appeals from the judgment of sentence of eleven and one-half to twenty-three months imprisonment followed by eight years probation.  The sentence was imposed after the trial court found Appellant to be in violation of the terms of her probation at two separate actions.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We previously remanded for the filing of a proper **Santiago** brief, and counsel submitted a second brief.  We grant counsel's petition to withdraw and affirm.

The present appeal involves two cases.  On October 10, 2001, at criminal action number 2638-2001, the Office of the Attorney General of Pennsylvania ("Attorney General's Office") charged Appellant with four

_____
* Former Justice specially assigned to the Superior Court.

felony counts of obtaining a controlled substance by misrepresentation, 35 P.S. § 780-113(a)(12). On four separate dates between December 27, 2000, and April 28, 2001, Appellant obtained either a schedule III or a schedule II controlled substance from pharmacies in Erie. On April 28, 2001, she telephoned a pharmacy, falsely claimed to be an employee of a local doctor, submitted a hydrocodone prescription for a non-existent patient, and obtained the hydrocodone using that patient's name. She was arrested at the scene in possession of the drug since the pharmacy alerted the Attorney General's Office that the doctor told it that he did not have an employee or a patient with the names used by Appellant. On the three other occasions, Appellant used forged prescriptions from the office of Dr. Stanley J. Gurney to obtain Percocet, which contains oxycodone. Appellant had worked for Dr. Gurney and admitted to stealing one of his prescription pads.

On May 13, 2003, Appellant pled guilty at case number 2638-2001 to all four counts, which were listed on her written guilty plea colloquy as ungraded felonies with a maximum sentence of five years.[1] Appellant

_____

[1] The criminal complaint filed by the Attorney General's Office indicates that, for purposes of counts two, three, and four, Appellant procured a drug containing oxycodone, which is a schedule II controlled substance. ***Commonwealth v. James***, 46 A.3d 776, 779 n.6 (Pa.Super. 2012); 35 P.S. § 780–104(2). Thus, the maximum sentence on those three counts was actually fifteen years imprisonment. 35 Pa.C.S. § 780-113(f)(1). Even though the information disseminated to Appellant regarding her maximum sentence was erroneous, Appellant can no longer challenge the validity of

*(Footnote Continued Next Page)*

acknowledged in writing that she could be sentenced up to twenty years in jail for pleading guilty to the offenses in question. On July 21, 2003, the court imposed a five-year term of intermediate punishment as to count one and a consecutive period of five years probation on the remaining charges. Appellant was placed on electronic monitoring and was permitted to leave her home for work.

On March 28, 2003, at criminal action number 807-2003, Appellant was charged with five counts of access device fraud and theft. While employed by a Holiday Inn Express, Appellant took cash payments made by five customers of the hotel and then charged their room fees to the credit card that the customers had used to secure the rooms. She pled guilty to those charges on July 21, 2003, and was sentenced to a twenty-five year probationary term.

Appellant applied for and was admitted to the Erie County Drug Court Program. She was discharged from that program after she failed to

_(Footnote Continued)_ ───────────────────

her guilty plea. The judgment of sentence imposed pursuant to the guilty plea was entered on July 21, 2003, it became final on August 20, 2003, and the one-year time period for challenging the validity of that guilty plea under the PCRA has long since expired. **_Commonwealth v. Anderson_**, 788 A.2d 1019, 1021 (Pa.Super. 2001). Furthermore, as outlined in the text, _infra_, Appellant has not been sentenced beyond the five-year maximums outlined at the time of entry of the guilty pleas.

complete treatment, continued to use controlled substances, refused to submit urine samples, and failed to perform a community service obligation.

On August 12, 2004, the court revoked Appellant's intermediate punishment sentence at case number 2638 of 2001, and it resentenced Appellant to one to two years incarceration followed by five years probation. The jail sentence was imposed on count two. The court also revoked Appellant's probation in the 2003 action, but merely re-imposed the same twenty-five year probationary term therein. Appellant was paroled on November 21, 2005, with her approved residence being that of her mother.

Within a month of her release, Appellant admitted to her parole officer that she had used OxyContin, which is a pure form of oxycodone, and was referred to intensive outpatient drug treatment. After failing to attend scheduled appointments, Appellant was discharged from the program. Appellant also admitted to her parole officer that she had used crack cocaine and had moved from her mother's home without permission. On May 5, 2006, the court revoked Appellant's parole and/or probation in both the 2001 and 2003 actions. Appellant was sentenced to two and one-half to five years incarceration on count one of action number 2638 of 2001. She received terms of probation on the remaining three counts at case number 2638 of 2001 as well as at action number 807-2003. Her total probationary term was thirty-five years.

She appealed the May 5, 2006 sentence, claiming that it was excessive. We concluded that the claim was waived due to counsel's failure to file a post-sentence motion or object at sentencing. *Commonwealth v. Yacobozzi-Strasser*, 938 A.2d 1123 (Pa.Super. 2007) (unpublished memorandum). Appellant filed a counseled PCRA petition, alleging that counsel was ineffective for failing to preserve her sentencing issue.

The court denied that petition after an evidentiary hearing. The court concluded that, even if a post-sentence motion had been filed, it would not have altered the sentence that it imposed on May 5, 2006. The court noted that its sentence was premised upon the fact that Appellant had been given two opportunities to overcome her drug addiction, once when she was admitted to the drug court and once when her parole officer allowed her to enter outpatient rehabilitation after she admitted to using oxycodone. The court concluded that its sentence of incarceration was justified in that "Appellant continues to have serious substance abuse problems. Clearly, Appellant poses a risk to abuse drugs and commit crimes if not incarcerated." Trial Court Opinion, 8/12/08, at 6.

Appellant appealed the denial of PCRA relief as to the May 5, 2006 judgment of sentence. We affirmed and concluded that Appellant had failed to establish that she would have received a more favorable sentence had her sentencing claim been properly preserved on direct appeal.

***Commonwealth v. Yacobozzi-Strasser***, 981 A.2d 939 (Pa.Super. 2009) (unpublished memorandum).

The record does not indicate when Appellant was released from the sentence of two and one-half to five years in jail that was imposed on May 5, 2006. However, Appellant was again charged with violating the terms of the probation imposed in these two cases. A hearing was held on September 12, 2014, where the following was revealed. Appellant had admitted to her probation officer that she had used heroin and two unprescribed drugs. She told the probation-revocation court that she had relapsed in 2013.

In addition, on February 5, 2014, Appellant was arrested by the Attorney General's Office for attempting to obtain a controlled substance by telephoning a false prescription into a pharmacy located in Crawford County. She was sentenced in that matter on April 30, 2014. On August 14, 2014, at Erie County criminal action number 570-2014, Appellant pled guilty to theft by deception ($804) and pled *nolo contendere* to theft by unlawful taking ($3,500), and, at Erie County criminal action number 1566 of 2014, she pled guilty to theft by deception ($1,107.40). The theft by deception charges involved Appellant's procurement of the use of rooms from two local hotels by falsely representing that she was the victim of a flood and that her room fees would be paid by her insurance company. Appellant pled no contest to theft by unlawful taking after two televisions, two DVD players,

video games and DVDs were stolen from one of the rooms that she was using.

On September 21, 2014, in the 2001 case, the court revoked probationary terms that Appellant was serving at counts two, three, and four. It imposed a sentence of eleven and one-half to twenty-three months at count two, a consecutive period of five years probation for count three, and a concurrent term of probation for the fourth count. With respect to the 2003 case, the court entered a total term of three years probation. Hence, Appellant's aggregate judgment of sentence for purposes of this appeal is eleven and one-half to twenty-three months incarceration to be followed by eight years probation.

Appellant timely filed a motion to reconsider on September 22, 2014. The court denied that motion the following day, and Appellant filed this appeal on October 10, 2014. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel filed a statement of intent to file an **Anders** brief and the court indicated that, based on that filing, no opinion was necessary.

Appellant's counsel has now filed a petition to withdraw and an accompanying **Anders** brief.[2] In her brief, counsel contends that there are no non-frivolous issues to be reviewed and sets forth an issue that arguably could support the appeal as "Whether Appellant's revocation sentence was excessive when the judge failed to consider mitigating factors?" Appellant's brief at 3.

Since we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we turn to counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Counsel's petition to withdraw, which was re-filed on April 11, 2016, provides that she made a conscientious review of the record and concluded that there are no non-frivolous issues. Counsel informed Appellant that she

_____

[2] Appellant is represented by a different member of the Erie County Public Defender's Office than the individual who represented her at her revocation and sentencing hearing.

was withdrawing and furnished her with copies of both the petition to withdraw and the *Anders* brief. Further, counsel instructed Appellant that she has the right to retain new counsel or to proceed *pro se* and raise any issues she believes this Court should consider. Accordingly, counsel has complied with the procedural aspects of *Anders*.

We now examine whether counsel's *Anders* brief meets the substantive elements of *Santiago*. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel's brief has a short description of the factual and procedural history of this matter. She sets forth the discretionary-aspects issue as one arguably supporting the appeal and her conclusion that the issue lacks merit. She has provided a Pa.R.A.P. 2119(f) statement pertaining to the discretionary aspects of Appellant's sentence. Counsel references 42 Pa.C.S. § 9771, the statutory provision concerning revocation sentencing proceedings, and she outlines the standard of review of a probation revocation sentence. Counsel observes that the court in the present case

relied upon the facts presented at the revocation hearing to support its sentence. The brief in question, which is the second one prepared by counsel, is marginally compliant with **Santiago**.[3]

After review of the record, briefs, and applicable law, we agree with counsel's assessment that there are no non-frivolous issues that can be presented in this appeal. "[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa.Super. 2015). After a trial court revokes probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, "upon sentencing following a revocation of probation, the trial court is limited only by the maximum

---

[3] While the brief in question is not a model of clarity, we have exhaustively reviewed the record and the law and conclude that this appeal is wholly frivolous. We therefore conclude that there is no need to delay disposition of this matter any longer. **See Commonwealth v. Harris**, 553 A.2d 428, 434 (Pa.Super. 1989) ("though the **Anders** brief submitted complies with neither the standards previously set forth . . . nor those subsequently announced in [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988)], we see no valid substantive or administrative justification to further delay disposition of this frivolous appeal").

sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001) (citation omitted).

The court cannot impose a sentence of total confinement after revoking probation absent a finding that: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). In the present case, Appellant's probation was revoked based upon her commission of four crimes, which justified imposition of a sentence of imprisonment under § 9771(c).

Appellant's sentence of incarceration was not illegal. At criminal case 2638 of 2011, Appellant pled guilty to four ungraded felonies. She was informed when she entered her guilty plea that each offense had a maximum sentence of five years and that she faced an aggregate sentence of twenty years. The five year maximum applicable to count one was imposed on May 5, 2006, and no sentence at all was imposed on count one on September 12, 2014. After her first revocation, Appellant's sentence of incarceration of one to two years was levied at count two. Thus, Appellant's September 12, 2014 term of imprisonment of eleven and one-half to twenty three months imprisonment as to count two did not exceed either the legal

maximum, *see* footnote one, *supra*, or the maximum sentence outlined when Appellant pled guilty.

The remaining issue is whether there are any tenable challenges to the discretionary aspects of imposition of the eleven and one-half to twenty-three month term of imprisonment. The imposition of sentence following the revocation of probation:

> is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000).

More recently, our Supreme Court re-affirmed that, in the probation-revocation setting, "the trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014). The rationale behind according trial courts this broad discretion is "that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." **Id**. (citation and quotation marks omitted).

Herein, Appellant asked that she not be jailed since she had been clean for a period of time and had two children. The trial court was apprised of these facts at sentencing and thus is presumed to have considered them. ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988). Furthermore, the trial court was very familiar with Appellant, having been intimately involved with her supervision from the inception of these cases. It presided over the guilty pleas and prior revocation proceedings. In light of the serious nature of Appellant's violations of her probation, we cannot consider imposition of an eleven and one-half to twenty-three months term of imprisonment to be manifestly unreasonable or the result of prejudice, bias, partiality, or ill-will. Hence, we cannot reverse it.

After an independent review of the record, we conclude that there are no other preserved issues of merit and concur with counsel's assessment that this appeal is wholly frivolous.

Petition of Emily M. Merski, Esquire, to withdraw is granted. Judgment of sentence affirmed.

Judge Donohue did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016