J-S42015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NAFIS ANTUAN FAISON, | |
| Appellant | No. 292 MDA 2017 |

Appeal from the PCRA Order January 25, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000147-2014

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2017**

Appellant, Nafis Antuan Faison, appeals *pro se* from the order entered on January 25, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

On February 23, 2015, a jury found Appellant guilty of eight counts of possession of a controlled substance with the intent to deliver, four counts of simple possession, and four counts of criminal use of a communication facility.[1] On April 22, 2015, the trial court sentenced Appellant to serve an

---

[1]   35 P.S. §§ 780-113(a)(30) and (16) and 18 Pa.C.S.A. § 7512(a), respectively.

aggregate term of 28 months to eight years in prison.[2]   We affirmed Appellant's judgment of sentence on May 9, 2016 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Faison*, 151 A.3d 1140 (Pa. Super. 2016) (unpublished memorandum) at 1-10.

On September 8, 2016, Appellant filed a timely, *pro se* PCRA petition. The PCRA court then entered an order granting Appellant the right to proceed *in forma pauperis* and appointing Gerald Lynch, Esquire (hereinafter "Attorney Lynch") as Appellant's counsel during the PCRA proceedings. Appellant's *Pro Se* PCRA Petition, 9/8/16, at 1-9; PCRA Court Order, 9/15/16, at 1.

On December 20, 2016, Attorney Lynch filed a filed a no-merit letter and a request to withdraw as counsel, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   However, and unrelated to Attorney Lynch's no-merit letter and request to withdraw, on December 30, 2016, the PCRA court entered an order that:  authorized the withdrawal of Attorney Lynch and appointed Ryan Gardner, Esquire (hereinafter "Attorney

---

[2] As this Court explained, "[b]y amended [sentencing] order dated June 25, 2015, the [sentencing] court stated that the underlying sentence would remain the same, but [that the sentencing court] was correcting a miscalculation in the computation of the RRRI eligibility." *Commonwealth v. Faison*, 151 A.3d 1140 (Pa. Super. 2016) (unpublished memorandum) at 2-3.

Gardner") to represent Appellant. PCRA Court Order, 12/30/16, at 1. As the PCRA court specified in its order, the change in counsel was done because Attorney Lynch was "no longer handling conflict cases" and, as such, Attorney Gardner was "reassigned as conflict counsel to represent [Appellant]." *Id.*

Notwithstanding the change in counsel, on December 30, 2016, the PCRA court acted upon prior counsel's *Turner*/*Finley* letter and entered an order notifying Appellant that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 12/30/16, at 1; *see also* Pa.R.Crim.P. 907(1). Then, on January 25, 2017 – with Attorney Gardner not having filed anything in the matter – the PCRA court entered an order that: 1) dismissed Appellant's PCRA petition and 2) granted the "motion to withdraw as counsel filed by [Attorney] Lynch." PCRA Court Order, 1/25/17, at 1. At this time, however, Attorney Lynch was not Appellant's counsel; rather, Attorney Gardner was Appellant's counsel of record.

Appellant filed a timely, *pro se* notice of appeal on February 16, 2017 and Appellant later filed a *pro se* brief to this Court, notwithstanding the fact that Attorney Gardner was never granted leave to withdraw as Appellant's counsel. We now vacate and remand for further proceedings.

"[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel." *Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). This right to counsel "exists throughout the

post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." ***Commonwealth v. Quail***, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotations omitted); ***see also*** Pa.R.Crim.P. 904(C). Moreover, as our Supreme Court has explained, "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998). Thus, we have held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

In this case, the PCRA considered a ***Turner/Finley*** "no-merit" letter filed by Attorney Lynch **after** Attorney Lynch obtained leave to withdraw and **after** the PCRA court appointed Attorney Gardner to be Appellant's attorney. This constitutes clear error, as the ***Turner/Finley*** procedures have no meaning or purpose outside of a pending petition to withdraw as counsel. Here, when the PCRA court considered Attorney Lynch's ***Turner/Finley*** "no merit" letter, there was no longer a pending petition to withdraw before the PCRA court. As this Court has explained:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [***Turner/Finley***. Under] ***Turner/Finley***[,] counsel must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the

case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

. . .

[W]here counsel submits a petition and no-merit letter that [] satisfy the technical demands of **Turner**/**Finley**, the court – trial court or this Court – must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations omitted).

Further, we have held that "the **Turner**/**Finley** 'no-merit letter' is [] intended to serve the same basic purpose as the [**Anders v. California**, 386 U.S. 738 (1967)] brief . . . *i.e.* to document the nature and extent of counsel's review of the record and to assist the court in determining whether the issues sought to be raised are truly" of no merit. **Commonwealth v. Harris**, 553 A.2d 428, 434 n.5 (Pa. Super. 1989).

At the time the PCRA court considered Attorney Lynch's **Turner**/**Finley** "no merit" letter, issued Appellant the Rule 907(1) notice, dismissed Appellant's PCRA petition, and "granted" Attorney Lynch's petition to withdraw as counsel, Attorney Lynch was no longer Appellant's counsel. Instead, Attorney Gardner was Appellant's counsel – and, Attorney Gardner never filed a petition to withdraw as counsel or submitted anything that would have "detail[ed] the nature and extent" of his review of the case, including any opinion or explanation as to the potential merits of any

potential claim that Appellant sought to raise. Indeed, during the entirety of Attorney Gardner's representation of Appellant, Attorney Gardner never filed a *Turner*/*Finley* "no merit" letter accompanied by a petition to withdraw, an amended PCRA petition on Appellant's behalf, or a response to the "no-merit" letter filed by Attorney Lynch. *See Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001) ("When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Finley*. If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled.") (internal citations, quotations, and footnote omitted).

We conclude that Attorney Gardner remains attached as counsel in this matter and that the PCRA court effectively denied Appellant his rule-based right to counsel. We therefore vacate the order dismissing Appellant's PCRA petition and remand this case to the PCRA court.[3] On remand, Attorney Gardner shall conduct a diligent review of the record and either (1) present Appellant's claims in acceptable legal terms (by way of an amended PCRA

---

[3] We express no opinion as to the merits of any substantive claim raised in Appellant's petition or in any forthcoming response to the "no-merit" letter filed by Attorney Lynch. In addition, our ruling is without prejudice to the submission, by Attorney Gardner, of his own *Turner*/*Finley* letter in the event he determines, after a thorough review of the case, that there are no meritorious claims that can be raised on behalf of Appellant.

petition or a response to the "no-merit" letter filed by Attorney Lynch) or (2)

certify that Appellant's claims lack merit by complying with the mandates of

***Turner***/***Finley***.

      Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2017