**Supreme Court**

No. 2007-255-Appeal.
(PM 06-3208)

Victor R. Perez              :

v.                  :

State of Rhode Island.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Victor R. Perez          :

v.                       :

State of Rhode Island.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  Victor R. Perez appeals from a judgment of the Superior Court denying and dismissing his application for postconviction relief.  This case came before the Supreme Court for oral argument on September 19, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  After hearing the arguments of counsel and examining the memoranda filed on behalf of the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

In 2001, a justice of the Superior Court sentenced Perez to life imprisonment after a jury found him guilty of the first-degree murder of his mother.  He then appealed to this Court, which

affirmed the conviction.[1]  Perez then filed an application for postconviction relief on June 15, 2006, pursuant to G.L. 1956 chapter 9.1 of title 10.  On October 13, 2006, a justice of the Superior Court appointed counsel to represent Perez in connection with his application.  After a thorough examination of Perez's claims, counsel determined that the issues raised therein were "wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law."  Counsel further concluded that there were no other possible arguments that would support Perez's application.  In accordance with Shatney v. State, 755 A.2d 130, 135-37 (R.I. 2000), counsel moved to withdraw as attorney of record.  He also filed a memorandum to support his motion to withdraw, which discussed the reasons underlying his opinion that each of Perez's arguments was frivolous.

On March 20, 2007, a hearing was held on counsel's motion to withdraw and, after finding that Perez's arguments were meritless, the hearing justice granted the motion.  He then informed Perez of his right to pursue the matter without an attorney and permitted him to submit a memorandum containing any additional arguments that would support his request.  On May 15, 2007, the hearing justice denied and dismissed Perez's application, citing his failure to file any memorandum and finding no basis upon which it could be granted.  Judgment was entered on July 10, 2007.  Perez timely appealed to this Court.

## II

### Standard of Review

The postconviction-relief remedy, created by § 10-9.1-1, is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires

---

[1] The underlying facts of applicant's conviction can be found in State v. Perez, 882 A.2d 574, 578-83 (R.I. 2005).

vacation of the conviction in the interests of justice." <u>Higham v. State</u>, 45 A.3d 1180, 1183 (R.I. 2012) (quoting <u>DeCiantis v. State</u>, 24 A.3d 557, 569 (R.I. 2011)). "An applicant for postconviction relief bears the burden of proving, by a preponderance of the evidence, that such relief is warranted in his or her case." <u>DeCiantis</u>, 24 A.3d at 569. "In reviewing the denial of postconviction relief, this Court affords great deference to the hearing justice's findings of fact and will not disturb his or her ruling 'absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence.'" <u>Brown v. State</u>, 32 A.3d 901, 907-08 (R.I. 2011) (quoting <u>Page v. State</u>, 995 A.2d 934, 942 (R.I. 2010)).

## III

## Analysis

Perez grounds his appeal to this Court on two arguments. First, he argues that the hearing justice erred when he granted counsel's motion to withdraw because he failed to adhere to the procedures set forth in <u>Shatney</u>, 755 A.2d at 135-37. Second, Perez maintains that the hearing justice erred when he denied his application without providing him with an opportunity to present his arguments. We shall address each of these arguments in turn.

## A

## Motion to Withdraw as Attorney of Record

Perez argues that the hearing justice failed to follow the procedures set forth in <u>Shatney</u> and that he granted the motion to withdraw prematurely. Specifically, he maintains that he was not afforded a "full, fair, and counseled" opportunity to be heard.

In <u>Shatney</u>, 755 A.2d at 132, 134, counsel was appointed to represent an applicant for postconviction relief because the Public Defender's office was unable to do so. After he reviewed the applicant's case, appointed counsel determined that the application lacked merit,

and he sought to withdraw from the matter. Id. at 132. This Court held that an attorney would be permitted to withdraw from representing an applicant whose claims were frivolous if certain steps were taken by the appointed counsel and the hearing justice. Id. at 135.

We began by saying that "[t]he point in time at which a trial court may determine that a * * * petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full, fair, and counselled opportunity to present those claims." Shatney, 755 A.2d at 135 (quoting Commonwealth v. Harris, 553 A.2d 428, 433 (Pa. Super. Ct. 1989). Thus, an attorney seeking to withdraw

> "must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no-merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues and any others that he or she may have investigated lacked merit. The court then must conduct a hearing with the applicant present. If, based upon its review of counsel's assessment of the potential grounds for seeking post-conviction relief and of any other issues that the applicant wishes to raise, the court agrees that those grounds appear to lack any arguable merit, then it shall permit counsel to withdraw and advise the applicant that he or she shall be required to proceed pro se, if he or she chooses to pursue the application." Id.

In this case, we believe that the hearing justice strictly adhered to all those procedures, and, consequently, we can discern no error by the hearing justice in granting the motion to withdraw. Counsel filed a twenty-eight page "no-merit" memorandum explaining the reasons why he believed each of Perez's claims lacked merit. A hearing on the motion, at which Perez was present, then was conducted. After reviewing Perez's arguments, the hearing justice found that each of them was waived, previously litigated on direct appeal, or devoid of merit. Finally, the record reveals that the hearing justice informed Perez of his right to proceed in the matter pro se, and Perez acknowledged his intent to do just that. Therefore, it is our firm opinion that all of

- 4 -

the procedural requirements of <u>Shatney</u> were followed and that the hearing justice made no error when he granted counsel's motion to withdraw.[2]

**B**

**Denial and Dismissal of Application for Postconviction Relief**

Perez also argues that he was not afforded an opportunity to reply to the hearing justice's proposed dismissal of his application, as required by § 10-9.1-6(b) and <u>Toole v. State</u>, 713 A.2d 1264 (R.I. 1998). Further, he contends that if he had been provided with an opportunity to reply, he would have raised four additional issues that he did not raise in his original application.

Section 10-9.1-6(b) sets forth the procedure for entry of a judgment on the pleadings in postconviction relief matters. That section states, in pertinent part:

> "When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed * * *." <u>Id.</u>

In <u>Toole</u>, 713 A.2d at 1265-66, this Court held that a hearing justice is not obligated to conduct an evidentiary hearing in connection with an application for postconviction relief if there exists no genuine issue of material fact; however, the hearing justice must give the applicant an opportunity to reply to the hearing justice's proposed dismissal of the application.

---

[2] Perez also argues that the hearing justice ignored the language in <u>Shatney v. State</u>, 755 A.2d 130, 136 (R.I. 2000), requiring that he and his counsel be afforded "an opportunity to be heard on whether any arguable basis exist[ed] to proceed with the application." It is obvious from the record that the hearing justice heard from both Perez and his counsel at the hearing on March 20, 2007 about the merit of Perez's application. Therefore, it is clear to us that the hearing justice satisfied this <u>Shatney</u> requirement.

In this case, it is abundantly clear from the record that Perez was afforded an opportunity to reply to the hearing justice's proposed dismissal of his application and that § 10-9.1-6(b) was complied with fully. At the March 20, 2007 hearing, the hearing justice informed Perez that the issues raised in his application had no merit, but he nonetheless generously allowed Perez to file another memorandum if he wished to further pursue the matter. At the same time, the hearing justice cautioned Perez that if he did not file an additional memorandum within ten days, his application would be "summarily rejected." Despite this warning, the hearing justice granted a motion for an extension of time, allowing Perez until April 13, 2007 to amend his application. The hearing justice even provided Perez with an additional month after that extended deadline before he entered the order denying and dismissing his application. Perez never filed a response.[3] Thus, we are perplexed to discern any basis for Perez's contention on appeal that he was not afforded an opportunity to reply.

Moreover, § 10-9.1-6(b) says that when an opportunity to reply to a proposed dismissal of an application has been given, the court is permitted to dismiss the application "[i]n light of the reply, or on default thereof." (Emphasis added). There can be no doubt that Perez was given ample opportunity to respond to the proposed dismissal of his application, but he failed to respond. Therefore, the hearing justice did not err when he denied and dismissed his application.

Before this Court, Perez brings to light four new arguments that were not raised in his application, but which he believes have merit.[4] However, it is clear that these arguments involve

---

[3] Perez contends that he sent an amended application to the clerk of the Superior Court in accordance with the order of April 3, 2007, granting his motion for an extension of time to amend his application. This alleged amended application never found its way into the file and there is no record of such a document. Therefore, we can give it no credit in our analysis.

[4] We note that, on appeal, Perez failed to press any of the issues that appeared in his application to the Superior Court, with the exception of claim XIV. Additionally, while Perez mentions claim XIV in passing, he fails to develop any argument for us to review. Because those

alleged errors at Perez's murder trial. The first three arguments involve the admissibility of certain expert testimony and the fourth contends that the trial justice improperly instructed the jury on first-degree murder.

It is well settled that this Court will not consider issues that were "not raised with the hearing justice in the first instance." Brown v. State, 841 A.2d 1116, 1121 (R.I. 2004). Moreover, such issues are precluded from being raised at this time by § 10-9.1-8, which states that "[a]ll grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended, application." Here, Perez readily admits in his brief that the four issues which he now raises "were not brought up in" his application. Additionally, Perez did not raise these issues after he was given ample opportunity to do so at the March 20, 2007 hearing. Therefore, Perez is precluded from raising them on appeal.

Moreover, even if these issues were properly before us, they would not afford him relief or a different disposition in this case, because they are not the proper subject matter of a postconviction-relief application, but rather should have been raised on direct appeal. The doctrine of res judicata in postconviction-relief matters is codified in § 10-9.1-8. That section states that "[a]ny ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application * * *." Id.

---

arguments were not developed in any meaningful way on appeal, we decline to review them. See State v. Day, 925 A.2d 962, 974 n.19 (R.I. 2007) ("A mere passing reference to an argument * * *, without meaningful elaboration, will not suffice to merit appellate review.").

Here, Perez calls into question three issues involving the admission of expert testimony and one concerning an allegedly improper jury instruction. These matters could have been raised on direct appeal from his conviction, but were not, and, therefore, "may not be the basis for" his postconviction-relief application. Section 10-9.1-8. We have no hesitation in concluding that the hearing justice did not err when he denied Perez's application.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be remanded to that tribunal.


**TITLE OF CASE:**     Victor R. Perez v. State of Rhode Island.

**CASE NO:**     No. 2007-255-Appeal.
(PM 06-3208)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  January 10, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Robert D. Krause

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Michael S. Pezzullo, Esq.

For Defendant:  Christopher S. Bush
Department of Attorney General