### Raymond LYNCH

v.

### STATE of Rhode Island.

### No. 2013–35–APPEAL.

Supreme Court of Rhode Island.

Feb. 28, 2014.

Raymond Lynch, Pro Se.

Christopher R. Bush, Department of Attorney General.

### ORDER

The applicant, Raymond Lynch, appeals pro se from the Superior Court's dismissal of his second application for postconviction relief. In 1998, the applicant was convicted on three counts of first-degree sexual assault and two counts of second-degree sexual assault in violation of G.L.1956 §§ 11–37–2 and 11–37–4. He was sentenced to a total of sixty years imprisonment, with thirty years to serve on each first-degree count and ten years to serve on each second-degree count, all to run concurrently. This Court affirmed those convictions in 2004. *See State v. Lynch,* 854 A.2d 1022 (R.I.2004). Subsequently, in 2011, we affirmed the Superior Court's denial of the applicant's first application for postconviction relief. *See Lynch v. State,* 13 A.3d 603 (R.I.2011).

On November 15, 2011, applicant filed a second application for postconviction relief, which is the subject of the instant appeal. In that application, he contended that: (1) the Superior Court justice who presided over his trial erred in admitting certain evidence in violation of Rule 803(4) of the Rhode Island Rules of Evidence; (2) his trial counsel was ineffective; (3) his right to an impartial jury was violated; (4) his sentence was disproportionately high in comparison to the sentences meted out in similar cases;[1] (5) his right to a fair trial was violated because the friendly nature of the complaining witness's interactions with him at trial outside the presence of the jury was not brought to the jury's attention; (6) there was prosecutorial misconduct; and (7) his right to a fair trial was violated by the jury's consideration of perjured testimony. The applicant's court-appointed attorney moved to withdraw from the case and filed a memorandum, pursuant to *Shatney v. State,* 755 A.2d 130 (R.I.2000), in support of that motion. On May 11, 2012, the Superior Court granted the attorney's motion to withdraw and permitted applicant to proceed *pro se.*

In due course, on August 30, 2012, the hearing justice rendered a bench decision granting the state's motion to dismiss applicant's second application for postconviction relief. She found that all of the issues raised by applicant were "barred in their entirety" pursuant to G.L.1956 § 10–9.1–8, which mandates that "[a]ll grounds for relief available to an applicant * * * must be raised in his or her [direct appeal or]

---

1. The applicant should have challenged the length of his sentence in a motion made pursuant to Rule 35(a) of the Superior Court Rules of Criminal Procedure. That issue is not properly before this Court in the existing procedural context.

original * * * application [for postconviction relief] * * * unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief;" and she also found, with respect to "the interest of justice" proviso in the statute, that there was no "further issue that has not been fully vetted at this point in time."

The applicant filed a timely appeal to this Court. He contends that the hearing justice erred in summarily dismissing his second application for postconviction relief.

The statutory remedy of postconviction relief set forth in § 10–9.1–1 is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interests of justice." *Perez v. State*, 57 A.3d 677, 679 (R.I.2013) (internal quotation marks omitted).

The applicant's ability to further pursue postconviction relief is limited to the extent that his application, like those of other applicants, is subject to the doctrine of *res judicata*. "Section 10–9.1–8, which codifies * * * the doctrine of *res judicata* within the postconviction-relief context, bars relitigation of the same issues between the same parties after a final judgment has entered in a prior proceeding." *State v. Thornton*, 68 A.3d 533, 541 (R.I. 2013) (internal quotation marks omitted); *see also Anderson v. State*, 45 A.3d 594, 602 (R.I.2012). This Court has repeatedly stated that the doctrine of *res judicata* "provides a procedural bar not only to issues that have been raised and decided in a previous postconviction-relief proceeding, but also to the relitigation of any issue that *could have been litigated* in a prior proceeding, even if the particular issue was not raised." *Ferrell v. Wall*, 971 A.2d 615, 620 (R.I.2009) (emphasis in original) (internal quotation marks omitted); *see also Price v. Wall*, 31 A.3d 995, 999 (R.I.2011).

In our judgment, the Superior Court correctly found that applicant's second application for postconviction relief was barred by § 10–9.1–8. *See Perez*, 57 A.3d at 682; *Mattatall v. State*, 947 A.2d 896, 905 (R.I.2008). After carefully reviewing the record, this Court is more than convinced that all of applicant's claims in his second application are matters that have been raised or that could have been raised on direct appeal or in his first application for postconviction relief. The applicant does not present any persuasive explanation as to why the contentions raised in his second application could not have been previously presented. *See Brown v. State*, 32 A.3d 901, 910 (R.I.2011).

We have recognized a "very limited and narrow exception" to the *res judicata* bar in the postconviction relief context, pursuant to which "issues which were finally adjudicated or not [previously] raised may nonetheless be the basis for a subsequent application for postconviction relief if the court finds it to be in the interest of justice." *Mattatall*, 947 A.2d at 905 (applying § 10–9.1–8) (internal quotation marks omitted). With respect to the case before us, however, we are of the same mind as was the hearing justice in perceiving no reason to invoke that "very limited and narrow exception" so as to permit the applicant to further pursue the claims contained in the second application for postconviction relief. *Id.* Accordingly, the applicant's claims in his second application for postconviction relief are barred by *res judicata*, and we have no hesitation in holding that the hearing justice did not err in denying the applicant's second application.

Therefore, we affirm the judgment of the Superior Court.