**Supreme Court**

No. 2011-328-Appeal.
(WM 05-360)

David A. Roscoe            :

        v.                :

State of Rhode Island.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

David A. Roscoe          :

v.                :

State of Rhode Island.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.** Fifteen years after he had been convicted, but only one year after a hearing justice had ordered him to serve the remaining fifteen years of a previously suspended sentence, David A. Roscoe filed an application for postconviction relief in which he attacked his original conviction. An attorney was appointed to represent him, but the appointed attorney filed a no-merit memorandum and moved to withdraw. Following a hearing, the attorney was allowed to withdraw. Ultimately, Roscoe's application was denied and he appealed to this Court, arguing that the hearing justice erred when she allowed his attorney to withdraw. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

On September 28, 1990, applicant Roscoe was convicted of several charges: first-degree child molestation, second-degree child molestation, simple assault and battery, and intimidation of a witness or victim. He was then sentenced to thirty years imprisonment, with fifteen years to

serve and fifteen years suspended, with probation. This Court affirmed applicant's conviction in State v. Roscoe, 603 A.2d 330, 331 (R.I. 1992) (mem.).

The applicant was released from prison in 2001. In early 2003, Roscoe was charged in District Court with simple assault. The next year, a judge convicted applicant and sentenced him to a year in prison, with three months to serve and the remainder suspended.

The conduct underlying the 2003 assault charge also formed the basis of 2004 probation-violation hearings in the Superior Court. A justice of that court determined that applicant had violated the terms and conditions of his probation, which originally had been imposed as part of his 1991 thirty-year sentence. That justice vacated the suspension of the remaining fifteen years of applicant's 1991 sentence.

On June 14, 2005, Roscoe filed a postconviction-relief application. He asserted several grounds that he contended justified relief from his 1990 conviction, including allegations that: (1) the trial justice had been biased against him, (2) his trial counsel had provided ineffective assistance, and (3) there had been insufficient evidence to find him guilty. An attorney was appointed to represent Roscoe in his postconviction-relief action.

On October 19, 2007, the attorney who had been appointed to represent Roscoe filed a motion to withdraw as attorney of record. Along with his motion to withdraw, counsel filed a no-merit memorandum in accordance with Shatney v. State, 755 A.2d 130, 135 (R.I. 2000). In that memorandum, the attorney set forth the reasons underlying his conclusion that applicant's grounds for relief lacked merit.

A justice of the Superior Court held a hearing on the attorney's motion to withdraw as counsel. During that proceeding, the hearing justice described for Roscoe the nature of his attorney's motion:

"[Y]ou understand that [the attorney's] recommendation to the Court, though it is based upon the issues that are before me, that you would not likely be successful on any of these legal issues; therefore, he's requesting that he be allowed to withdraw as counsel so that he doesn't have to proceed any further on the post-conviction relief motion."

After the attorney clarified that his motion and memorandum related only to those issues that Roscoe had raised, he, Roscoe, and the hearing justice engaged in a further colloquy about the attorney's motion.

The attorney added that he had explained to Roscoe the level to which the evidence must rise to warrant relief. The attorney also said that applicant was "justified in having some concerns" but "it d[id] not rise to the level, in [the attorney's] opinion, to allow the [c]ourt this additional review[.]" The hearing justice then addressed applicant, "That's correct, even though you have what may be some legitimate concerns." Finally, Roscoe himself asked, "There is no way that we can prove it, is that what he's saying?" The hearing justice answered that applicant was correct.

Following that discussion, the hearing justice granted the motion to withdraw as to the issues raised in Roscoe's original postconviction-relief application. In doing so, she asked Roscoe whether he wished to represent himself on the issues that he had raised and counsel had analyzed in the Shatney memorandum. Roscoe responded that he intended to continue researching the issues but that he did not know whether he wished to proceed and have a hearing on the three original grounds. The hearing justice also appointed the attorney to research another issue, that is, the fact that the judge who presided over applicant's conviction in District Court had been the prosecutor in the 1990 Superior Court trial.[1]

---

[1] At the hearing on his motion to withdraw, appointed counsel informed the court that Roscoe had told him of his concern that the prosecutor at the 1990 trial for the sexual-assault charges

On September 19, 2008, there was an evidentiary hearing on the postconviction-relief application, at which Roscoe represented himself. During that hearing, Roscoe was the only witness. He testified about the assistance provided to him by his trial counsel, the trial justice's prejudice or bias towards him during the 1990 trial, and the lack of evidence at his trial. After Roscoe had been cross-examined, the hearing justice asked him twice whether he had anything else that he wished to present; nothing further was brought forth. Ultimately, the hearing justice denied Roscoe's postconviction-relief application, precipitating a timely appeal to this Court.[2]

Before this Court, Roscoe contends that the hearing justice erred when she allowed his attorney to withdraw from the case. Specifically, he argues that she should have allowed him to raise additional issues before permitting counsel to withdraw. He also contends that the hearing justice's comment that Roscoe had "legitimate concerns" should have dissuaded her from granting the motion to withdraw. Roscoe also maintains that the factual inquiry into his grounds for postconviction relief was insufficient to allow his counsel to withdraw. Finally, applicant avers that the hearing justice compounded her error in allowing counsel to withdraw because she did not appoint successor counsel.[3]

_____

was later appointed to the District Court bench and presided over his 2003 simple-assault trial. The trial justice directed counsel to explore that issue, but we see nothing in the record that would indicate that counsel filed anything with the court pertaining to the subject. In her decision after the evidentiary hearing on the postconviction-relief application, the trial justice addressed the issue and found that it had no merit. We can conceive of no set of circumstances under which an assault conviction in 2003 could undermine the fairness of a sexual-assault trial that took place thirteen years earlier.

[2] The applicant's notice of appeal was filed on August 12, 2009, the same day that the hearing justice issued her decision. A final judgment in accordance with that decision was not entered until August 14, 2009. We previously have treated a premature notice of appeal as valid. Miller v. Saunders, 80 A.3d 44, 51 n.8 (R.I. 2013) (citing Chapdelaine v. State, 32 A.3d 937, 941 n.1 (R.I. 2011)).

[3] After a single-justice conference was held pursuant to Article I, Rule 12A(3) of the Supreme Court Rules of Appellate Procedure, the parties were ordered to address the issue of laches. In

- 4 -

## II

## Standard of Review

If a defendant who has been convicted of a crime "contends that his original conviction or sentence violated rights that the state or federal constitutions secured to him," then he may seek redress through postconviction relief. Tassone v. State, 42 A.3d 1277, 1283 (R.I. 2012) (quoting Chapdelaine v. State, 32 A.3d 937, 941 (R.I. 2011)). Our review in postconviction-relief cases is deferential. Accordingly, we "will not disturb [a hearing justice's] ruling 'absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence.'" Id. (quoting Brown v. State, 32 A.3d 901, 907-08 (R.I. 2011)).

## III

## Discussion

In Shatney, 755 A.2d at 135, this Court adopted a procedure whereby counsel appointed to represent an applicant for postconviction relief may withdraw. To do so,

> "[A]ppointed counsel must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues and any others that he or she may have investigated lacked merit. The court then must conduct a hearing with the applicant present. If, based upon its review of counsel's assessment of the potential grounds for seeking post-conviction relief and of any other issues that the applicant wishes to raise, the court agrees that those grounds appear to lack any arguable merit, then it shall permit counsel to withdraw and advise the applicant that he or she shall be required to proceed pro se, if he or she chooses to pursue the application." Id.

its brief to this Court, the state asserted that it did not raise laches because it did not plead the issue as an affirmative defense in the Superior Court.

- 5 -

We have had numerous opportunities to define the parameters of acceptable <u>Shatney</u> procedures. In <u>Perez v. State</u>, 57 A.3d 677, 679 (R.I. 2013), appointed counsel filed a motion to withdraw along with a no-merit memorandum, and a Superior Court justice held a hearing on the matter. Having determined that the applicant's arguments were meritless, the hearing justice granted the motion, instructed the applicant that he could proceed <u>pro</u> <u>se</u>, and allowed the applicant to file a memorandum with additional arguments supporting his application. <u>Id.</u> On review, we held that the hearing justice had "strictly adhered to all those procedures" required by <u>Shatney</u>. <u>Perez</u>, 57 A.3d at 679.

We reached a similar result in <u>Brown v. State</u>, 841 A.2d 1116, 1123 (R.I. 2004), in which we said that a trial justice "essentially followed" <u>Shatney</u> when she conducted a hearing at which an applicant was "afforded * * * an opportunity to speak on his own behalf and to dispute the points made in his counsel's no-merit memorandum." In another case, we concluded that an applicant who had been afforded multiple hearings and had been given the opportunity to respond to his attorney's two no-merit memoranda also had not been "denied the procedural protections of <u>Shatney</u>." <u>Thornton v. State</u>, 948 A.2d 312, 317 (R.I. 2008).

In this case, it is our opinion that the trial justice abided by the procedure set forth in <u>Shatney</u> and that applicant received all the protections due to him. The hearing justice reviewed the attorney's no-merit memorandum, which she lauded as detailed and complete, and she held a hearing on the motion to withdraw. During that hearing, she heard from the attorney and then inquired of applicant whether he had read the memorandum and whether he had any questions. Roscoe said that he had indeed read it and that he did not have any questions. "[O]ur caselaw indicates that an applicant bears some responsibility before the trial justice to dispute the content of the <u>Shatney</u> memorandum or raise any issues overlooked by the <u>Shatney</u> attorney." <u>State v.</u>

Laurence, 18 A.3d 512, 523 (R.I. 2011).  But here, Roscoe offered nothing that his attorney "for whatever reason, may have overlooked or wrongly deemed frivolous."  See id. (quoting Shatney, 755 A.2d at 133) (emphasis omitted).

We conclude that the hearing justice was not clearly wrong and did not overlook or misconceive material evidence when she agreed with the conclusion of Roscoe's attorney that the application lacked merit before she granted the motion to withdraw.  See Tassone, 42 A.3d at 1283.  Two of the grounds raised in the application, lack of evidence and judicial bias, are more properly brought in a direct appeal.  Indeed, all the cases claiming judicial bias that have come before this Court have been direct appeals.  See, e.g., Krivitsky v. Krivitsky, 43 A.3d 23, 32-33 (R.I. 2012); Yates v. Wall, 973 A.2d 621, 621 (R.I. 2009) (mem.); State v. Lyons, 924 A.2d 756, 763-64 (R.I. 2007); see also Washington v. State, 675 N.W.2d 628, 630 (Minn. 2004) (relying on the fact that "issues * * * known by the defendant but not raised on direct appeal, are not considered in a subsequent petition for postconviction relief" to bar the consideration of a judicial-bias claim).  The supposed bias is alleged to have occurred before and during Roscoe's trial and includes a comment made during his arraignment.[4]  Any claim of bias was therefore known to him at the time of his direct appeal to this Court; therefore, a postconviction-relief application was not the proper way to assert such a claim.

Additionally, any argument that the evidence presented at trial was legally insufficient to convict him or was otherwise unpersuasive should have been made to the trial justice and then raised before this Court on direct appeal.  In fact, one of the arguments that we rejected in Roscoe's original appeal was that the trial justice erred when he denied a motion for judgment of acquittal on the witness-intimidation charge.  Roscoe, 603 A.2d at 330.

---

[4] Roscoe alleged that during his arraignment, the justice presiding over the proceeding was heard to mutter in Italian that those who molest children should be severely punished.

We also agree with the hearing justice's determination that Roscoe's postconviction-relief attorney should have been allowed to withdraw because applicant's contention that he had been prejudiced by the ineffective assistance of trial counsel was without merit. According to the Shatney memorandum, Roscoe's trial counsel diligently pursued the only defense available to him, which was that the victim was lying. We cannot conclude that the hearing justice erred when she determined that appointed counsel could withdraw from the case but that Roscoe would be able to proceed pro se.

We also cannot say that the hearing justice's indulgent remark that applicant had "what may be some legitimate concerns" required her to deny the motion to withdraw. The determination to be made in a proceeding held pursuant to Shatney is whether the claims lack merit. See Campbell v. State, 56 A.3d 448, 456 (R.I. 2012) ("Without the ability to withdraw from a case in which the applicant persists in pursuing meritless claims, appointed counsel could be subject to [Super. R. Civ. P.] Rule 11's sanctions."). An applicant's genuine belief that he or she is entitled to relief does not transform the asserted grounds into those having legal merit. We conclude that the trial justice's comment that Roscoe had "concerns" does not collide with her conclusion that the claims were without legal merit. Based on the record, it appears that Roscoe understood the comments in the same manner because he responded to the hearing justice by asking whether his attorney had determined that the claims could not be proven.

We also reject applicant's argument that the factual inquiry into his claims was insufficient. In his Shatney memorandum, Roscoe's attorney described how he had arrived at his determination concerning the application: he met with applicant twice, spoke to applicant's trial attorney, read applicant's correspondence, and reviewed the prior case's file and transcript. On appeal, Roscoe fails to point out what else, if anything, his attorney could or should have done.

Rather, applicant assails the fact that his attorney failed to disclose the details of the conversations he had with Roscoe. We are satisfied that applicant's postconviction-relief counsel engaged in a satisfactory factual inquiry into the nature of Roscoe's claims. Additionally, when his attorney was allowed to withdraw, Roscoe had the opportunity to press his claims in an evidentiary hearing before the hearing justice ultimately denied the application.

Finally, we disagree with the applicant's assertion that the hearing justice should have appointed successor counsel after granting the motion to withdraw. Once the hearing justice granted the motion to withdraw, the applicant was afforded the opportunity to pursue his claims pro se. Roscoe's right to the assistance of counsel is guided by the principles set forth in Shatney; because the hearing justice followed the procedures outlined in that case before permitting counsel to withdraw, Roscoe's option was to represent himself if he decided to pursue the application. Requiring the appointment of another attorney would defeat the purpose of allowing appointed attorneys to withdraw from postconviction-relief cases that lack legal merit. See Campbell, 56 A.3d at 455-56. Thus, the applicant's right to counsel was not undermined by the hearing justice's failure to appoint a second lawyer for him.

**IV**

**Conclusion**

For the foregoing reasons, we affirm the judgment of the Superior Court. The papers shall be remanded to that court.



## RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  David A. Roscoe v. State of Rhode Island

**CASE NO:**  No. 2011-328-Appeal.
(WM 05-360)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  May 16, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty**,** Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**  Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice O. Rogeriee Thompson

**ATTORNEYS ON APPEAL:**

For Applicant:  George J. West, Esq.

For State:  Jeanine McConaghy, Esq.
Department of Attorney General