Roger T. Lamoureux                      :

v.                      :

State of Rhode Island.                      :

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island, 250
Benefit Street, Providence, Rhode Island 02903, at Telephone 222-
3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Roger T. Lamoureux                :

v.                                :

State of Rhode Island.            :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Robinson, for the Court.**  The applicant, Roger T. Lamoureux, appeals from a judgment of the Superior Court denying his application for postconviction relief.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

In 1990, applicant was convicted on one count of first-degree sexual assault, in violation of G.L. 1956 § 11-37-2.  He was sentenced to a term of twenty-five years imprisonment at the Adult Correctional Institutions, with fifteen years to serve and ten years suspended, with probation.  This Court affirmed the conviction in 1993.  State v. Lamoureux, 623 A.2d 9 (R.I. 1993).

On October 24, 2001, applicant filed a pro se application for postconviction relief in Superior Court pursuant to G.L. 1956 § 10-9.1-1; he based his application on his claims of ineffective assistance of counsel and errors on the part of the trial justice. On February 9, 2004, the court-appointed attorney who was then representing applicant moved to withdraw as the attorney of record; in support of that motion, he filed a "no-merit" memorandum, pursuant to Shatney v. State, 755 A.2d 130, 136 (R.I. 2000). It was the attorney's opinion that the application for postconviction relief was "without merit" because applicant's claims were either "frivolous" or had already been addressed by this Court on direct appeal. That same day, a hearing was held before a justice of the Superior Court on the attorney's motion to withdraw, which hearing applicant attended.[1] After that hearing, the hearing justice granted the attorney's motion, and applicant proceeded pro se with respect to his application.[2]

After the hearing justice granted the court-appointed attorney's motion to withdraw, the state filed a motion to dismiss the application for postconviction relief. On October 28, 2004, the parties again appeared before the hearing justice. At that hearing, applicant asserted that he had not yet had the opportunity to speak to an attorney with respect to his claim that his trial counsel had been ineffective; and he indicated that he needed an "evidentiary hearing" in order to substantiate that claim. The applicant acknowledged, however, that he had briefly met with his most recent court-appointed attorney prior to the latter's filing of the Shatney memorandum, which memorandum addressed the merits of applicant's claim of ineffective assistance of counsel. The hearing justice concluded the hearing without ruling on applicant's application for

---

[1]     The record does not contain a transcript of the February 9, 2004 hearing.

[2]     On April 15, 2004, applicant again appeared before the hearing justice and made an oral motion requesting that the court appoint him another attorney, which motion was denied.

postconviction relief; he stated that, because of a scheduling issue, he would refer the matter to another hearing justice.

On November 3, 2004, a different hearing justice entered a prehearing order indicating that a final hearing on the application would be held on November 22, 2004. The order expressly stated that applicant "shall be prepared to offer any additional evidence as to the issues raised in his motion at that time" and that there would be no further continuances "except on just cause shown." In due course,[3] a final evidentiary hearing was held on the merits of applicant's postconviction relief application. At that hearing, applicant stated that the only relevant issue was his claim that the conduct of his trial attorney had deprived him of the effective assistance of counsel—although applicant submitted no evidence in support of that claim at the hearing.[4]

On February 10, 2005, the hearing justice issued a written order denying the application.[5] In that order, the hearing justice first addressed applicant's contention that he was innocent of the crime of which he was convicted and applicant's further contention that certain rulings by the trial justice constituted reversible error. The hearing justice ruled that those claims were barred by the doctrine of res judicata because they had already been resolved in applicant's direct appeal to this Court or could have been argued "during the trial proceeding or on direct appeal."

---

[3]     The hearing originally scheduled for November 22, 2004 was continued to December 3, 2004.

[4]     At the December 3, 2004 hearing, applicant again asserted that he had not had meaningful representation with respect to his application for postconviction relief, and he contended that he was entitled to "compulsory process" and an opportunity to obtain an investigator in order to "bring forward evidence to substantiate [his] claim." The applicant then referenced (without producing) several documents that he believed would help "substantiate" his claim that he had received ineffective assistance from his trial counsel.

[5]     The state moved to dismiss the application on both procedural and substantive grounds. However, the hearing justice stated that he had decided to consider the merits of applicant's claims for postconviction relief rather than grant the motion to dismiss the application on purely procedural grounds.

The hearing justice further found that, while applicant's claim of ineffective assistance of counsel was properly before the court, applicant had failed to establish that, under the first prong of the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), his trial attorney's "professional decisions or conduct fell below an objective standard of reasonable professional competent assistance." Accordingly, the hearing justice stated that applicant's request for postconviction relief based on a claim of ineffective assistance of counsel must be denied. The applicant filed a timely appeal to this Court.

## II

### Standard of Review

The statutory remedy of postconviction relief created by § 10-9.1-1 is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interests of justice." Lynch v. State, 86 A.3d 390, 391 (R.I. 2014) (mem.) (internal quotation marks omitted). It is well settled that "[a]n applicant for postconviction relief bears the burden of proving, by a preponderance of the evidence, that such relief is warranted in his or her case." Perez v. State, 57 A.3d 677, 679 (R.I. 2013) (internal quotation marks omitted). On appeal, we are deferential to the hearing justice's findings of fact, and we will not disturb a hearing justice's "factual findings made on an application for post-conviction relief absent clear error or a showing that [he or she] overlooked or misconceived material evidence in arriving at those findings." Spratt v. State, 41 A.3d 984, 988 (R.I. 2012) (internal quotation marks omitted).

- 4 -

**Analysis**

On appeal, applicant sets forth his contentions, in a list format with little elaboration, as follows: (1) "[t]hat the trial Judge erroneously gave the jury a cautionary instruction;" (2) "[t]hat the trial Judge erroneously allowed the introduction of a prejudicial vaginal swab;" (3) "[t]hat the trial Judge denied his right to a fair trial;" and (4) that he was deprived of the effective assistance of counsel by his trial attorney. The applicant further contends that the hearing justice committed clear error or abused his discretion in denying his application because he "was not given a proper evidentiary hearing" at which he might submit evidence in support of his claims. After reviewing the record, it is our opinion that applicant's contentions are wholly without merit.

The four above-summarized claims with respect to the trial proceedings that applicant asserts on appeal are the same claims that were already considered by both his court-appointed attorney in that attorney's <u>Shatney</u> memorandum and by the hearing justice in his order denying the application. In view of the deferential standard that we apply in considering a denial of an application for postconviction relief, we are unable to conclude that the hearing justice committed clear error or misconceived material evidence in rendering his decision. See <u>Tassone v. State</u>, 42 A.3d 1277, 1283 (R.I. 2012). The applicant's claims relating to alleged errors committed by the trial justice are clearly barred by the doctrine of <u>res judicata</u> as set forth in § 10-9.1-8 because they were either raised and denied in applicant's direct appeal to this Court or could have been raised at that time. See <u>Ferrell v. Wall</u>, 971 A.2d 615, 620 (R.I. 2009) (stating that the doctrine of <u>res judicata</u> "provides a procedural bar not only to issues that have been raised and decided in a previous postconviction-relief proceeding, but also to the relitigation of

any issue that <u>could</u> <u>have</u> <u>been</u> <u>litigated</u> in a prior proceeding, even if the particular issue was not raised") (internal quotation marks omitted) (emphasis in original).

In order to address applicant's claim of ineffective assistance of counsel, we must first briefly discuss the relevant legal principles. When this Court evaluates an application for postconviction relief "based on an allegation of ineffective assistance of counsel, [we] employ[] the well-known standard articulated by the United States Supreme Court" in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Perkins v. State</u>, 78 A.3d 764, 767 (R.I. 2013); <u>see</u> <u>Chapdelaine v. State</u>, 32 A.3d 937, 941 (R.I. 2011). Under that standard, an "applicant must [first] demonstrate that counsel's performance was deficient, to the point that the errors were so serious that trial counsel did not function at the level guaranteed by the Sixth Amendment." <u>Bell v. State</u>, 71 A.3d 458, 460 (R.I. 2013) (internal quotation marks omitted); <u>Bido v. State</u>, 56 A.3d 104, 110-11 (R.I. 2012). This first prong "can be satisfied only by a showing that counsel's representation fell below an objective standard of reasonableness." <u>Rodriguez v. State</u>, 941 A.2d 158, 162 (R.I. 2008) (internal quotation marks omitted); <u>see</u> <u>Bell</u>, 71 A.3d at 460. Then, "[o]nly if it is determined that trial counsel's performance was constitutionally deficient does the Court proceed to the second prong of the <u>Strickland</u> test, in which the applicant must show that the deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial." <u>Linde v. State</u>, 78 A.3d 738, 745-46 (R.I. 2013) (internal quotation marks omitted); <u>Guerrero v. State</u>, 47 A.3d 289, 300-01 (R.I. 2012).

After reviewing the record and the hearing justice's order, to which we accord great deference, we are in agreement with his finding that applicant has never made a showing that his trial "counsel's representation fell below an objective standard of reasonableness" as required to

satisfy the first prong of the standard set forth in Strickland, 466 U.S. at 687-88. See Rodriguez, 941 A.3d at 162. Accordingly, because applicant has failed to carry his burden of proof with respect to that claim, the hearing justice correctly denied the application for postconviction relief based on applicant's allegation of ineffective assistance of counsel. See Jolly v. Wall, 59 A.3d 133, 140 (R.I. 2013).

We turn next to the applicant's claim that he was not given a "proper evidentiary hearing" at which he might submit evidence in support of his claims. The record discloses that, after the hearing justice granted the motion to withdraw filed by the applicant's attorney pursuant to Shatney, the applicant was afforded two hearings at which he could have presented such evidence. He chose not to do so. Moreover, after the October 28, 2004 hearing, the applicant was expressly instructed by court order to "be prepared to offer any additional evidence" with respect to his claims for postconviction relief at a final hearing on his application. Nonetheless, at the December 3, 2004 hearing, the applicant was not prepared to do so. It is worth noting that the applicant filed his application for postconviction relief in 2001—approximately four years before the hearing justice rendered his decision—and that the applicant was provided with several court-appointed attorneys in the Superior Court and is represented by yet another attorney on appeal. It is clear to us that the applicant had both the time and opportunity to obtain evidence to substantiate his claims and to present that evidence in court. The applicant, however, despite his numerous opportunities, has not presented any evidence that would prove or even lend substance to the viability of his claim that he received ineffective assistance from his trial counsel. See Perez, 57 A.3d at 679. Accordingly, it is our judgment that the hearing justice properly denied the applicant's application for postconviction relief.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record in this case may be remanded to that tribunal.



**TITLE OF CASE:**    Roger T. Lamoureux v. State of Rhode Island

**CASE NO:**    No. 2012-358-Appeal.
(PM 01-5649)

**COURT:**    Supreme Court

**DATE OPINION FILED:**  June 27, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice William P. Robinson

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Edwin J. Gale

**ATTORNEYS ON APPEAL:**

For Applicant:  Michael Ahn, Esq.

For State:  Jeanine P. McConaghy
          Department of Attorney General