**Supreme Court**

No. 2015-225-Appeal.
(KM 13-646)

Jean O. Duvere                     :

        v.                          :

State of Rhode Island.             :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jean O. Duvere          :

v.          :

State of Rhode Island.          :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.** The applicant, Jean O. Duvere[1] (Duvere or applicant), appeals from the denial of his postconviction-relief application. Duvere contends that this Court should vacate his 2009 plea of nolo contendere to the offense of possession of between one to five kilograms of a controlled substance classified as marijuana, with knowledge and intent, in violation of G.L. 1956 § 21-28-4.01.1,[2] because his plea was not knowing, intelligent, and voluntary as he lacked the assistance of a Haitian-Creole-speaking interpreter. This matter came before the Supreme Court for oral argument on November 3, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully considering the parties' written and oral submissions, we are satisfied that this appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] The applicant's real name is John Sergo Noaelus. The applicant testified, however, that he began using the name Jean Duvere after his taxi driver license was canceled. For purposes of the postconviction-relief hearing, he was referred to as Jean Duvere. Consequently, we refer to applicant as Duvere.

[2] Violation of G.L. 1956 § 21-28-4.01.1 carries a maximum sentence of fifty years.

# I

## Facts and Travel

On June 13, 1997, Duvere, a native of Haiti and a permanent resident of the United States, was traveling on I-95 South in Rhode Island when the Rhode Island State Police stopped him for speeding. At that time, Duvere was working as a taxi driver and was returning to New York after he dropped off a passenger in Boston, Massachusetts. He consented to a search of his vehicle, and the officers found two "bricks" of marijuana in its trunk. When the officers confronted Duvere, he claimed that he had no knowledge of the marijuana's presence and informed the officers that he had just dropped off a fare in Boston. Duvere was arrested and charged with one count of possession of between one to five kilograms of marijuana, with knowledge and intent, in violation of § 21-28-4.01.1.

Private counsel represented Duvere with respect to this charge. In August 1997, at his bail hearing at the Kent County District Court, bail was set at $25,000 with surety. Duvere posted bail and was subsequently released. In October 1997, Duvere was arraigned on a criminal information in the Kent County Superior Court. At the arraignment, the hearing justice kept bail in the original amount but allowed Duvere to maintain his residence in New York. After his arraignment, however, Duvere failed to attend his subsequent court hearings; and, on February 3, 1998, the Superior Court issued a warrant for his failure to appear.

In 2009, upon his return to the United States after a trip to Haiti, Duvere was arrested in New York on the warrant. Duvere was brought to Rhode Island and presented to the Superior Court on June 4, 2009. His bail was reset at $250,000 with surety. At this time, Duvere was represented by his original counsel.

On July 15, 2009, Duvere pled nolo contendere to one count of possession of between one to five kilograms of marijuana, with knowledge and intent, in violation of § 21-28-4.01.1, and he was sentenced to ten years, with eighteen months to serve, and eight-and-a-half years suspended with probation. A Haitian-Creole interpreter was not present at the plea colloquy, and neither Duvere nor his counsel requested an interpreter's assistance. When asked by the hearing justice, Duvere stated that he could understand and speak English. Duvere's counsel, prior to the plea colloquy, did note Duvere's inability to read English; counsel stated, however, that he verbally explained the plea form to Duvere. Upon request, Duvere provided his name, date of birth, and address. Duvere also stated that he understood that, by pleading nolo contendere, he forfeited several constitutional rights. Duvere accepted the state's articulation of facts supporting the charge. At the conclusion of the colloquy, the hearing justice found that "defendant ha[d] the capacity to understand the nature and consequences of his plea" and that there was a factual basis for his nolo contendere plea. The hearing justice found that Duvere pleaded "voluntarily, intelligently, [and] with knowledge and understanding of all matters contained in the request to enter a plea * * * ." Consequently, he accepted Duvere's plea and imposed the agreed-upon sentence.

After his plea, Duvere appeared multiple times without counsel before the same hearing justice, seeking to correct his sentence, to clarify his sentence, and to receive credit for time served.[3] The hearing justice granted all three motions. At no point during these hearings did Duvere state that he could not understand the court nor did he request an interpreter.

On June 11, 2013, with the assistance of new counsel, Duvere filed an application for postconviction relief, seeking to vacate his 2009 nolo contendere plea. The application was

---

[3] Duvere appeared on November 27, 2009, March 12, 2010, and April 9, 2010.

based, in part, on Duvere's contention that he neither knew nor understood the charges against him because a Haitian-Creole interpreter was not provided at his plea colloquy. The application also set forth several allegations of ineffective assistance of counsel.[4] In September 2014, the same hearing justice presided over the hearing on Duvere's application for postconviction relief. A Haitian-Creole interpreter was present for the hearing.

On December 15, 2014, the hearing justice issued a decision denying Duvere's postconviction-relief application, finding his testimony and allegations incredible. Moreover, the hearing justice found Duvere's original counsel, who testified and asserted that he could effectively communicate with Duvere in English, to be credible. In regard to the claim that he could not speak or understand English, the hearing justice cited Duvere's thirty-year residence in the United States and his pro se court appearances, over which the hearing justice presided. Specifically, the hearing justice stated that there was no evidence during the plea colloquy, or any of Duvere's subsequent pro se motions, showing that he had difficulty understanding or speaking to the court. Further, during these appearances, Duvere did not request an interpreter's assistance. Accordingly, the hearing justice refused to vacate Duvere's nolo contendere plea and dismissed his postconviction-relief application. Duvere appealed to this Court on January 6, 2015.

## II

### Standard of Review

Postconviction relief, pursuant to G.L. 1956 § 10-9.1-1, is available to "any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires

---

[4] This Court will not address the argument of ineffective assistance of counsel because, although Duvere raised this issue below, he did not press it on appeal.

- 4 -

vacation of the conviction in the interest of justice." Lamoureux v. State, 93 A.3d 958, 961 (R.I. 2014) (quoting Lynch v. State, 86 A.3d 390, 391 (R.I. 2014)). In a postconviction-relief application, the applicant bears "'the burden of proving, by a preponderance of the evidence, that [postconviction] relief is warranted' in his or her case." Camacho v. State, 58 A.3d 162, 185 (R.I. 2013) (quoting Anderson v. State, 45 A.3d 594, 601 (R.I. 2012)). On appeal, we conduct a de novo review of postconviction-relief decisions that "involve[] questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights * * * ." Merida v. State, 93 A.3d 545, 549 (R.I. 2014) (quoting Neufville v. State, 13 A.3d 607, 610 (R.I. 2011)). We afford great deference to the hearing justice's findings of historical fact and the inferences drawn from those facts. Id. Consequently, we will not disturb these findings of fact, "absent clear error or a showing that [he or she] overlooked or misconceived material evidence in arriving at those findings."[5] Lamoureux, 93 A.3d at 961.

## III

### Analysis

Duvere contends that his 2009 nolo contendere plea should be vacated because it was not knowing, intelligent, and voluntary, as required by Rule 11 of the Superior Court Rules of Criminal Procedure.

Rule 11 sets forth two requirements that must be satisfied at the plea colloquy before a trial justice can accept a plea of nolo contendere: "(1) a determination 'that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea'; and

---

[5] This Court notes that the General Assembly, between Duvere's appeal and oral argument in this case, "amended [G.L. 1956] § 10-9.1-9 to require a party aggrieved by a final judgment entered in a postconviction-relief proceeding to seek review by filing a petition for writ of certiorari with this Court." See Reyes v. State, 141 A.3d 644, 652 n.10 (R.I. 2016); see also P.L. 2015, ch. 91, § 1; P.L. 2015, ch. 92, § 1.

(2) a finding 'that there is a factual basis for the plea.'" Reyes, 141 A.3d at 653 (quoting Rule 11).

Duvere does not challenge the sufficiency of the plea colloquy performed by the hearing justice. Rather, he maintains that the colloquy's content conformed with Rule 11's requirements, but his "poor command of the English language" rendered him unable to give a knowing, intelligent, and voluntary plea without the assistance of a Haitian-Creole interpreter. As a result, Duvere contends that the hearing justice "should have insisted that a Haitian-Creole interpreter be available at the dispositive hearing * * *," pursuant to G.L. 1956 § 8-19-1.

Section 8-19-1(a) provides in relevant part:

> "It is * * * the policy of the state of Rhode Island to guarantee the rights of persons who, because of a non-English speaking background, are unable to readily understand or communicate in the English language, and who consequently need the assistance of an interpreter to be fully protected in legal proceedings in matters before the Rhode Island unified state court system."

This Court has long held that § 8-19-1 bestows discretion upon a hearing justice to appoint an interpreter, stating that "if the court determines that one is needed, and, whenever put on notice that there may be some significant language difficulty, the court should make such a determination of need." State v. Ibrahim, 862 A.2d 787, 798 (R.I. 2004) (quoting United States v. Carrion, 488 F.2d 12, 15 (1st Cir. 1973)). Moreover, we give the hearing justice "'large discretion' in the 'selection, appointment, and retention of an interpreter'" and will not disturb this discretion "[a]bsent 'clear evidence of prejudice * * * .'" Reyes, 141 A.3d at 653 (quoting State v. Lopez-Navor, 951 A.2d 508, 513 (R.I. 2008)).

After reviewing the record, there is no evidence to suggest that Duvere "did not have a basic, functional understanding of English." Ibrahim, 862 A.2d at 798. During the hearing, Duvere answered all questions posed to him, and the record lacks evidence that demonstrates he

was confused or unable to understand the colloquy. Although the record reflects that Duvere said "[e]xcuse me again" on one occasion during the colloquy, this is insufficient to establish that he could not comprehend English.

Further, a review of the evidence reveals that Duvere understood the questions asked during the colloquy. Throughout the hearing, he answered all questions presented, without apparent difficulty. On numerous occasions prior to entering the plea, the Court asked Duvere if he could understand and speak English, to which he responded affirmatively, stating, "Yes, I speak English. Yeah, I understand." There is nothing in the record to demonstrate that the hearing justice's decision not to appoint an interpreter prejudiced Duvere. Thus, the hearing justice did not err in finding that Duvere understood the plea colloquy.

We note, in particular, one portion of the record, which occurred prior to the colloquy, when Duvere told the hearing justice why he proceeded with the plea. Duvere stated, "[Counsel] told me, but I suppose for 18--I got eight years probation. I say that's okay." From this statement, it would be reasonable for the hearing justice to find that Duvere understood that, by pleading nolo contendere, he received the benefit of a lesser sentence, thereby demonstrating that he understood the charges and the consequences of the plea, without an interpreter's assistance. Finally, it was not erroneous for the hearing justice to find that Duvere understood English based on his residence and employment in the United States for thirty years. Our deference to this finding is well supported by this Court's holding in Ibrahim, where we held that the hearing justice made no clear error in determining that the defendant did not need an interpreter as he was a longtime resident and had been employed in the United States for approximately eight years. Ibrahim, 862 A.2d at 798.

**IV**

**Conclusion**

For the reasons articulated above, we affirm the judgment of the Superior Court. The record shall be returned to that tribunal.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Jean O. Duvere v. State of Rhode Island.

**CASE NO:**  No. 2015-225-Appeal.
(KM 13-646)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  January 6, 2017

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Kent County Superior Court

**JUDGE FROM LOWER COURT**:

        Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

        For Applicant:  Catherine Gibran
                     Office of the Public Defender

        For State:  Owen Murphy
                 Department of Attorney General